THE GRIFFIN WHEEL COMPANY

*v.*

ERNEST MARKUS.

*Opinion filed June 17, 1899.*

1. MASTER AND SERVANT—*right of servant to recover for injury from falling door.* A servant injured by the falling of an iron door, which he was attempting to open in the discharge of his duties, is entitled to recover where the door hangings had been in a dangerous condition for several days, and the servant was using due care, was ignorant of the defect and had not been warned against it.

2. PLEADING—*when counts state same cause of action.* A new count which charges the same injury to plaintiff while performing the same duty and the same negligence by defendant and caution by plaintiff as charged in the original count, except that it alleges that plaintiff was acting by special direction of the foreman, does not state a new cause of action, as the cause of action is the same whether a duty is performed under general or special directions.

*Griffin Wheel Co.* v. *Markus,* 79 Ill. App. 82, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

D. J. & D. J. SCHUYLER, Jr., for appellant.

CASE & HOGÁN, (A. W. BROWNE, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action by appellee, against appellant, to recover for alleged personal injuries. The declaration contains two counts. The first alleges injury to plaintiff by the falling of an iron door in defendant's foundry, improperly hung, while he, as an employee, with due care was assisting in attempting to slide it open. The second is substantially the same as the first, except it alleges that plaintiff was ordered by the foreman of appellant to assist in opening the door, and that the foreman at

that time knew the door was improperly hung and was dangerous to open. A plea of not guilty was filed to both counts, and also to the second count a further plea of the Statute of Limitations. A demurrer was sustained to the latter, and defendant elected to stand by the plea. A trial resulted in a verdict for plaintiff for $6000. The court having overruled a motion for new trial and rendered judgment on the verdict, defendant appealed to the Appellate Court, where the judgment was affirmed.

Appellant's first contention arises upon the refusal of the trial court to take the case from the jury for want of sufficient evidence to support the allegations of the declaration. The testimony for plaintiff showed that he, while employed in the defendant's foundry, was ordered by its foreman to assist in opening a large door, which was made of iron and weighed over 1500 pounds; that this door had rollers attached to the top, which worked on an iron rail, so the door could slide back and forth; that four days before the injury some of these rollers had become displaced from the rail, thereby rendering the door dangerous to be opened; that this defect was not repaired prior to the accident, and that immediately after plaintiff assisted in shoving the door open it fell upon him, seriously injuring him; that he knew nothing of the defective and dangerous condition of the door at the time, nor did the foreman in any way warn him of the same. This evidence certainly tended to support the plaintiff's case. With the weight of the testimony we have nothing to do. The law is well settled that an employer must provide a reasonably safe place for employees to work, and if this door was dangerous, as the plaintiff's evidence tended to prove, and he, in opening the door, was acting within the line of his duties and ignorant of the danger, and appellant gave him no warning thereof, it is liable.

Counsel devote much space in arguing that the verdict is against the weight of the evidence, and that the jury willfully disregarded the testimony of unimpeached wit-

nesses of defendant. These questions, we need scarcely say, have been conclusively settled by the findings below.

It is also contended that the trial court erred in sustaining a demurrer to the plea of the Statute of Limitations, filed to the second count of the declaration. The injury complained of occurred on the 17th of October, 1895, whereas this count was not filed until October 26, 1897,—a period of more than two years. The test, under these facts, must be, is the second count more than a restatement of the same cause of action set forth in the first count. The first count unquestionably states.a good cause of action, the.substance of which is the injury to plaintiff through the negligence of the defendant, while he was in the performance of his duty without negligence. Whether he was injured while in the performance of that duty, acting through general instructions or in obedience to special instructions from the foreman, the cause of action is the same. It is true, from plaintiff's testimony, that it was his duty to pass through the doorway in question, and presumably it would have been his duty to assist in opening it without special instructions, but there would have been no valid objection to his proving such directions from the foreman, even under the first count. That count may be open to objection as to matters of form, but it is in substance the same as the second. (*Chicago and Northwestern Railway Co.* v. *Gillison*, 173 Ill. 264.) The demurrer was properly sustained.

Counsel further contend that reversible error was committed on the trial in the admission and rejection of evidence and in the giving and refusal of certain instructions to the jury. We have considered these contentions, and conclude that the reasons given in the opinion of the Appellate Court affirming the judgment of the trial court properly dispose of each of them. But conceding all that is claimed on these assignments of error, the objections are too technical to justify a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*