## People, for the use of Wertheimer-Swarts Shoe Co., v. Peter Offerman, Wm. Schock and Jacob Young.

1. PLEADING—*In Action of Debt on Constable's Bond.*—In an action of debt on the official bond of a constable, against him and his sureties, for a failure to return an execution within ten days after its proper return day, a plea admitting that the execution was not in fact returned within the time, but averring that it was withheld at the special request and direction of the attorney for the person for whose benefit the suit is brought, sets up a good and meritorious defense.

2. PARTIES—*Not to Take Advantage of Their Own Wrong.*—A party will not be allowed to take advantage of his own wrong, or of an error of the court induced by his own motion, and then compel the opposite party to suffer the consequences.

3. PRACTICE—*A Party Can Not Obtain a Reversal for an Error Committed by Himself.*—A party can not obtain a reversal of a judgment on appeal for an error which he has himself committed in the proceedings below, and the same principle applies if he induces the court to act erroneously in his own behalf.

4. VERDICTS—*Responsive to the Issues Actually Tried.*—Where a verdict is responsive to the issues actually tried, abundantly supported by the evidence, and substantial justice done, it will not be disturbed because the case was not tried on the issues made by the pleadings.

Debt, on official bond. Appeal from the Circuit Court of Perry County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Verdict

and judgment for defendants; appeal by plaintiffs. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

JOHN BOYD and CHAS. T. MOORE, attorneys for appellant.

M. C. EDWARDS & SON and C. R. HAWKINS, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in debt on the official bond of a constable, against the constable and the sureties on his bond, for a failure on the part of the constable to return an execution within ten days after its proper return day.

Trial was by jury. Verdict and judgment in favor of appellees.

The errors assigned are, that the court admitted improper evidence, and erred in overruling appellant's motion for new trial, and in rendering judgment in favor of appellees against appellant for costs.

The action is based on paragraph 159, Chap. 79, R. S. Ill., 2d Ed. Starr and Curtis, which provides :

" If any constable shall fail or neglect to return an execution within ten days after its proper return day, * * * the party aggrieved may have his action in any court of competent jurisdiction, against such constable and his sureties, on the official bond of such constable, and shall recover thereon the amount of said execution and costs, with interest from the date of the judgment upon which the original execution issued."

The only breach assigned in the declaration is, that Offerman, the constable, failed and neglected to return the execution in question within ten days after its proper return day.

To this breach appellees filed a number of pleas and amended pleas, all admitting that the execution was not in fact returned within ten days after its proper return day, but all averring in substance that the execution was withheld and not so returned solely at the special request, and by

direction, of the attorney for Wertheimer-Swarts Shoe Company.

To all of such pleas demurrers were interposed by appellant and at the instance and in response to the prayer of appellant the court sustained all of such demurrers.

These pleas set up a good and meritorious defense, and appellant led the court into error upon the question of their sufficiency. Appellees did not, however, stand by these pleas, but having obtained general leave to amend, filed a plea traversing the breach assigned in the declaration. Upon this state of the pleadings it appears from the record the parties went to trial.

Notwithstanding the state of the pleadings, an issue of fact was raised and contested on the trial as to whether the execution was in fact withheld by Offerman, and not returned by him within ten days after its proper return day, at the request and by direction of the attorney of Wertheimer-Swarts Shoe Company. Upon this issue the direct evidence is the testimony of Offerman, the constable, and of Esquire Eaton and Hammack, both called on behalf of appellant.

Offerman testified:

" The eighty days for the return of the execution expired on the 10th of May, 1897. That was the day I wrote this letter to which I received the above reply. Before this we couldn't hear from the shoe company or their attorney, Mr. Thompson, and I said to Mr. Hammack, My execution is about out, and I have to return it. Mr. Hammack said, I bet they went down to Monroe county to the old man to settle up, and cheat me out of my fees. This is the conversation I had with Mr. Hammack on the 10th of May. I went to Mr. Hammack's office on the 10th of May, and he made me write that letter on the 10th of May. After the letter was sent off I went to 'Squire Eaton's office the last day for return of the execution. I so stated to Mr. Hammack, and he insisted on me holding it and wanted me to write to the company. Q. You say that was the day the execution expired, the last day for return? A. Yes, sir. Q. And you stated so to Mr. Hammack, and he told you to hold it? A. Yes, sir; he insisted on me holding it. Q. And wanted you to write a letter to the company? A. Yes, sir. Q.

And you did write?  *  *  *  A.  Yes, sir.  *  *  *  Q. I am asking you now, did you say to the jury you went to Mr. Eaton and offered to return the execution in compliance with law?  A.  On the 10th day of May, after I seen Mr. Hammack, and wrote a letter to the shoe company. Q.  Why didn't you do it?  A.  Because Mr. Hammack insisted on me holding it."

Mr. Hammack testified :

" Q.  State whether or not, at any time after the expiration of the execution, or lifetime of the execution, you advised or directed or requested Mr. Offerman to withhold the return.  A.  No, sir; no, sir."

Esquire Eaton testified :

" Did you in this instance, after the expiration of its return day, or if asked by him before its return day as to holding it after its return day, did you advise him to hold it?  A. I think not.  I can't remember giving him that advice.  He told me the time was about out to return the execution and Mr. Hammack wanted him to hold it.  My rule generally is to advise in such cases to be governed by the attorneys in the case."

· Offerman is corroborated to some extent by appellant's witness Eaton, by the letter of May 10th, and the reply thereto of May 11th, by the conditions, and by the whole course of conduct between him and Thompson and Hammack in the effort to in some way compromise or settle the matter.

As developed upon the trial, the undisputed facts in the case are : That Wertheimer-Swarts Shoe Company recovered a judgment against one Philip Stock before H. L. Eaton, a justice of the peace of Perry county, Illinois, on the 3d day of January, 1897, for $188.30, with costs of suit; that on the 19th day of February, 1897, execution issued and was on that day delivered to Offerman as one of the constables of said county; that Offerman duly served the execution; that on the 25th day of February, 1897, the defendant in the execution, claiming his exemptions, presented a schedule of his property, and as appears from such schedule, had no property subject to levy and sale under the execution; that Offerman was a duly elected and qualified constable; that

the bond in evidence was duly executed; that no part of the amount due on the execution was collected by Offerman; that no part of the judgment debt has in any manner been collected by Wertheimer-Swarts Shoe Company, and that the execution was not returned by Offerman until the 28th day of May, 1897, more than eighty days from and after its date. In addition to the foregoing, the evidence conclusively shows that Lewis Hammack was the attorney for Wertheimer-Swarts Shoe Company throughout the entire proceeding in obtaining the judgment and attempting to collect the same, and that he had the direction and control of that business for Wertheimer-Swarts Shoe Company during all the time the execution was in the hands of Offerman; that W. O. Thompson of St. Louis was also an attorney for Wertheimer-Swarts Shoe Company in the matter of the collection of said judgment, and co-operated with Hammack in directing and managing that business; that during the time that Offerman held the execution after Stock had scheduled, an effort was being made by Wertheimer-Swarts Shoe Company, through both Hammack and Thompson, assisted by Offerman, to induce the father-in-law of Stock to pay off the judgment; that a proposition to levy on a lot of goods that Stock had disposed of was from time to time discussed between Offerman and Hammack and a correspondence was carried on by them with Thompson concerning such proposed levy; that during the time Offerman had the execution he was in frequent consultation with Hammack about the matter and that Hammack had full knowledge of all that was being done or proposed.

Appellant insists that under the issues joined in the pleadings the only competent evidence was " the execution and such evidence as bore directly on the fact of its return."

· The whole contention of appellant rests upon the proposition that the court admitted "incompetent and improper evidence."

It is true that excluding the issues as to whether Offerman withheld the execution after its proper return day, at

People v. Offerman.

the request and by the direction of the attorney for Wert-heimer-Swarts Shoe Company, all the oral evidence offered on both sides would be irrevelant, but if that issue raised a meritorious defense and was so involved in the trial as that appellant can not now complain of it, then in our judgment all the evidence admitted was both competent and proper. It tended to show that Hammack was the attorney for Wertheimer-Swartz Shoe Company; that he acted in connection with Thompson, their attorney at St. Louis; that Hammack had knowledge of all the steps taken by Offerman and of the conditions; that he was in charge of the Illinois end of it—had full power and control over it; that he did direct and control it, and that Wertheimer-Swarts Shoe Company, through Thompson, their St. Louis attorney, had knowledge of what he was doing and authorized it, as well as to establish appellee's contention that Offerman withheld the execution at Hammack's request and by his direction.

Appellant contends that appellees can not here take advantage of any error of the court on the pleadings, because they did not elect to stand by their pleas. That is true; they can have no affirmative relief here on that ground, but they are not asking anything of this court. If they had failed to " win out " in the Circuit Court and had brought the case to this court the condition of the record would have barred them of any relief.

How is it with appellant? Appellees' pleas were in fact good and set up a meritorious defense; appellant induced the court to commit an error and hold them bad, and notwithstanding the error which it procured the court to make in its own favor, failed in the court below, and then comes to this court and asks a reversal of the case solely because it induced the trial court to make such error. If appellant had " won out" below, it might have held its position; but when it comes to this court it is as much barred by its own wrong in inducing the Circuit Court to erroneously sustain the demurrers, as appellees would be by their failure to stand by their pleas, if they had failed below and were here asking affirmative relief.

" A party will never be allowed to take advantage of his own wrong, or of an error of the court induced on his own motion, and then compel the opposite party to suffer the consequences."

" A party can not obtain a reversal of a judgment on appeal, for error which he has himself committed in the proceedings below, and the same principle applies if he induces the court to act erroneously in his own behalf."

There is another reason why the appellant can not complain of the action of the court in admitting evidence as to the issue not joined in the pleadings. Appellant joined in that issue on the trial by itself introducing evidence directly and pointedly upon it.

The verdict of the jury is responsive to the issues actually tried, is abundantly supported by the evidence, and in our judgment substantial justice has been done.

The judgment of the Circuit Court is affirmed.