## Muren Coal and Ice Company v. Herbert Howell, administrator.

1. NEW CAUSE OF ACTION—*when additional counts do not set up.* Additional counts filed to a declaration do not set up a new cause of action where upon comparison of such additional counts with the declaration as previously existing it is found that all counts show the same relation of master and servant, refer to the same transaction and injury and allege as the gravamen of the charge the negligence of the master in permitting an entry and roadway to be and remain obstructed.

2. CAUSE OF ACTION—*what does not bar.* A judgment for the defendant upon any particular count or counts of the declaration does not bar the plaintiff's right to recover upon any good count or counts remaining in such declaration.

3. ERROR—*when party estopped to assign.* Where an appellant has withheld an assignment of error from one appeal that might. have been assigned on that appeal, he is estopped and has no right to assign such alleged error and have it considered on a subsequent appeal.

4. ERROR—*when party cannot avail of.* A party cannot take advantage of an error which he has induced the court to make and obtain a reversal by reason thereof.

5. INSTRUCTION—*must not ignore material allegations.* An instruction pertaining to the plaintiff's right of recovery, asked by the defendant, is properly refused where it wholly ignores material allegations of the declaration.

6. INSTRUCTION—*must be supported by the evidence.* An instruction is properly refused which is not predicated upon some evidence in the case.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of St. Clair county; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

WISE & McNULTY, for appellant.

WEBB & WEBB and DILL & WILDERMAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This case was before this court at a former term, was affirmed, and is reported in 107 Ill. App. 1. It was appealed from this to the Supreme Court, where the judgment was

14

reversed and remanded, upon the sole ground that material error was discovered in one of the instructions given on behalf of appellee.

The state of pleadings is identical with that on the former appeal. The evidence and instructions given on behalf of appellee are substantially the same, with the exception of the correction of the error pointed out by the Supreme Court.

The case comes before us now purged of the only error found by either court on the former appeals.

Upon the former appeal, in stating the case we said: "The amended declaration upon which the case was tried, consists of two counts." "To this amended declaration appellant pleaded the general issue, the Statute of Limitations, and a plea of former acquittal as to the second count. A demurrer was sustained to appellant's plea of the Statute of Limitations, and a replication was filed to its plea of former acquittal, denying that there had ever been an adjudication upon the cause of action or issues presented in the count pleaded to. The action of the trial court in sustaining the demurrer to appellant's plea of the Statute of Limitations is not assigned as error, nor is any question raised upon the record as to the plea of former acquittal or the replication thereto. The case is before us as though the pleading consisted only of the last amended declaration, and plea of not guilty." And the Supreme Court found and stated substantially the same.

Upon this appeal errors are, for the first time, assigned and urged upon these features of the record.

First, as to the plea of the Statute of Limitations: Schmidt, appellee's intestate, was injured and died March 28, 1900; the original declaration was filed January 3, 1901; on February 3, 1902, appellee filed an amended declaration consisting of two counts; on February 10, 1902, he filed "an additional count," and on April 21, 1902, was filed the amended declaration upon which the trials were had from which both the former and present appeals were prosecuted.

Muren Coal & Ice Co. v. Howell.

The declaration of February 3, 1902, as abstracted by counsel for appellant, is as follows:

"This declaration contains two counts and is brought by Herbert Howell, administrator of the estate of August Schmidt, deceased, against same defendant. The declaration alleges that the defendant was on the 28th day of March, 1900, a corporation and owning a coal mine and operating it by servants removing the coal therefrom; that on said date one August Schmidt was in the employ of defendant as a driver in the coal mine and his duties required him to drive a mule and haul empty cars from the bottom thereof and distribute them through the mine, and to haul loaded cars from the entries and rooms in the mine to the bottom of the shaft so that they might be hoisted up to the top of the coal mine; that there were a large number of entries and rooms in said mine on which defendant had laid railway tracks for the transportation of coal in operating said mine; that it was the custom of defendant in constructing its railway track to place said track near the side of said entries known as the 'rib side,' and a sufficient distance from the walls thereof to enable servants of defendant passing or working in such entries to pass between the sides of coal cars hauled on said railway tracks and the 'rib side' of said entries without danger or injury, and keep the space between the railway track and the rib side in said entry clear of slate, coal and other obstructions; that defendant always did this as hereinafter stated and the servants of defendant having knowledge of such practice relied on defendant to keep said entries free and clear as aforesaid; that on the 28th day of March, 1900, a lot of slate, coal, etc., fell from the roof of the eight west entry leading off of the main south entry in said coal mine and obstructed all that portion of said entry lying between the railway track and the 'rib side' of said entry and rendered unsafe and dangerous the said railway track to said August Schmidt working in said entry; that defendant had notice of the fall of said slate, coal, etc., from the roof of said entry, and that it was an obstruction to that part of the entry, and rendered it dangerous and unsafe, and

defendant carelessly and negligently omitted to remove said slate, dirt, etc., but allowed it to remain there, knowing that it was unsafe and dangerous, and knowing that said August Schmidt would be required to work therein and pass thereby; that on said date August Schmidt was hauling two loaded cars along through said entry to the bottom of the shaft of said mine exercising due care and without notice or knowledge that. said slate, coal, etc., had fallen from the roof of said entry or that said entry was obstructed. Upon reaching a point on the railway track opposite said slate, said Schmidt discovered a car upon said railway track immediately in front of him, and seeing that a collision between the cars was inevitable, to avoid being injured he attempted to get off said railway track on the 'rib side' but there came in contact with said slate that prevented him from escaping in that direction and threw him back on the railway track between said cars which crushed him, from the effect of which he died; that August Schmidt had knowledge of the practice of defendant to keep that portion of the entry lying between the railway track and the 'rib side' of said entry free and clear of obstructions and expected to escape the collision by going in that direction; that the slate, coal, etc., in that portion of the entry and the negligence of defendant in allowing it to remain there after notice, was the immediate and proximate cause of the injury and death of said Schmidt; that plaintiff is administrator of the said estate, duly appointed, etc., and that August Schmidt left him surviving his widow and his sons and daughters, as alleged in the other declarations. Plaintiff's damages, $5,000."

"The second count alleges that defendant is carrying on a coal mine and that there were roadways and tracks and entries and rooms therein, similar to the first count; and it was the duty of defendant to keep the roadways and tracks over which the said Schmidt was compelled to pass as a driver, in a reasonably safe condition and free from obstructions; that defendant negligently allowed a loaded car to stand on the track and permitted a large amount of slate and rock to remain near said standing car on the side of

the roadway, obstructing the same, and making it dangerous for the driver to pass in the discharge of his duty; that on the 28th day of March, August Schmidt was a driver in charge of a mule and box cars in said coal mine, his duty being to drive the mule and cars over said roadway, tracks and entries, and while hauling a trip load of cars over said track in said mine and using due care, without knowledge of said slate and rock being near said standing car, said trip of cars collided with said standing car, catching said Schmidt between said trip of cars and said standing car and crushing him so that he died; that said Schmidt was unable to get out of danger on account of said slate, rock, etc., being near said standing car in said roadway; that if the same had not been in said roadway said August Schmidt would have escaped injury."

The amended declaration of April 21, 1902, as abstracted by appellant, will be found, in full, in our opinion on the former appeal, 107 Ill. App. 1. Counsel insist that this amended declaration sets up a new and distinct cause of action, and that the trial court therefore erred in sustaining appellee's demurrer to appellant's plea of limitations.

Whether the declaration of the latter date sets up a new and distinct cause of action, or the same cause of action in another form, as for instance, whether it be other than the same cause of action set up in the former count, limited by the omission of particular features or made more specific and full by additional detail, must be determined by the court from an inspection of the two declarations.

Upon comparing these declarations we find that they disclose the same relation of master and servant, they refer to the same transaction and to the same injury. And the gravamen of the charge in each is the same, i. e., negligence on the part of appellant in permitting its entry and roadway to be and remain obstructed. The difference in the two declarations consists of specification and detail only. The first one specified that the entry was obstructed on one side of the track or roadway and the second one specified that it was obstructed on both sides. The amended declaration

did not set up a new and independent cause of action. In discussing this subject, Mr. Justice Shepard, of the First District, in Chicago City Railway Co. vs. Leach, 80 Ill. App., 355, says: "The second additional count set up the incompetency of Golden as a gripman, known to or within the knowledge of appellant. Was such averment the statement of a new cause of action, or was it only a statement in a different way of the same cause of action originally depended upon? The cause of action was the injury to appellee, occasioned by the negligence of appellant or its servants. The negligence by which the injury resulted might consist in one element or another, and might be stated in as many respects as the pleader should choose. The count in question was upon the same injury stated in the earlier counts, and only varied from them in stating in a new way the circumstances constituting the negligence, to-wit, the employment of an incompetent servant, by whose offense the injury happened. A varied description of the negligence that occasioned the injury and gives rise to the cause of action, is never of itself the statement of a new cause of action." In Cicero & Proviso Street Ry. Co. vs. Brown, 89 Ill. App., 318, the court, by Mr. Justice Windes, says: "The original declaration states a good cause of action, and the additional counts, to which the plea of statute of limitations was interposed, are but a restatement, in different form, of the same cause of action set up in the original declaration, and this being so, the demurrer to the plea of the statute of limitations was properly sustained." To the same effect are: C. & N. W. Ry. Co. vs. Gillison, 173 Ill., 264; I. C. R. R. Co. vs. Souders, 178 Ill. 585; Griffin Wheel Co. vs. Markus, 180 Ill., 391, and many others.

Counsel for appellant rely principally upon the case of I. C. R. R. Co. vs. Campbell, 170 Ill., 163. This case was by a divided court, and all who have studied this subject will agree that it marks the limit, but it is totally unlike the case at bar. In it, the gravamen of the original declaration was negligence on the part of the master in furnishing an *unsafe* appliance, and the gravamen of the amended declara-

ton was negligence in permitting the place where the servant had to work to be *obstructed;* and further, the original declaration did not state a good cause of action, and it is upon this fact alone that the court based its holding that the amended declaration set up a new cause of action.

We are of opinion that the trial court did not err in sustaining the demurrer of appellant's plea of the Statute of Limitations, and we are also of opinion that one who has withheld an assignment of error from one appeal that might have been assigned on that appeal, is estopped, and has no right to assign such alleged error and have it considered on subsequent appeal.

In Ogden vs. Larrabee, 70 Ill. 510, the Supreme Court in discussing this question say: "It is insisted the alleged error may be considered for the reason it was not assigned for error on the former hearing. * It would certainly introduce a pernicious practice not heretofore adopted in this state. There ought to be an end to all litigation, and if the doctrine insisted upon should be adopted, and the parties permitted to assign successive errors on the same record, in complicated litigation like this, no conclusive decision could be rendered in the lifetime of the parties interested. The error complained of existed in the former record. The party had an opportunity then to assign it, and direct the attention of the court to it, but having failed to do so, he ought to be estopped, upon every principle of justice, from alleging it at any future period. * Had error intervened prior to the former adjudication, it was his duty to assign it, otherwise he will be deemed to have waived it forever. He will not be permitted to have his cause heard partly at one time and the residue at another." There are many Illinois cases sustaining this principle, the last one being Lusk vs. City of Chicago, 211 Ill., 183. The court in this case cays: "It is a well-settled rule that when a cause is litigated and that litigation prosecuted to a court of appeals and passed upon, all questions that were open to consideration, and could have been presented, relating to the same subject-matter, are *res judicata,* whether they were presented or not."

As to appellant's plea of former acquittal, the abstract discloses as follows: "On the 12th of May, 1902, leave is given the defendant to file plea of former acquittal, which is as follows: That as to the second count of the plaintiff's declaration, the plaintiff ought not to maintain its action because at a trial of this suit between the same parties plaintiff and defendant, had at the January Term, 1902, of this court, before a jury, this court then and there directed a verdict of not guilty in favor of the defendant and against the plaintiff as to the charge in the plaintiff's declaration and then and there on file in this court, called 'Additional Count' to the declaration, filed February 10, 1902, which count then and there set forth and charged the same cause of action that is now set forth and charged in the second court of the last amended declaration of the plaintiff; that on said trial the issues were then and there duly made upon said additional count, the defendant's plea of not guilty thereto, the plaintiff's *similiter*, and that the court as to this issue directed the jury trying the same to return a verdict of not guilty as to this defendant as to that issue, being the issue raised as to the second count of the declaration; that the said verdict was thereupon, because of said instruction of the court, returned and entered in said cause in favor of this defendant and against the plaintiff, as by the record, etc., which judgment has not been reversed and is in full force and effect, etc."

Appellee demurred to this plea. His counsel contend that the court overruled the demurrer, and upon this they assign cross-errors. Counsel for appellant contend that this demurrer was abandoned, and so state the record in their abstract. We have searched the record and while we find the demurrer set out therein, we do not find that the court made any ruling with respect to it.

To appellant's plea of former acquittal, appellee filed a replication alleging: "That it is true at the January term, 1902, an issue was made up and tried between the plaintiff and defendant on that count, at said term, filed by plaintiff on the 10th of January, 1902, called 'Additional Count,' and upon the issues presented by said count, after the evi-

dence was heard by the court, a verdict by direction of the court of not guilty was returned by the jury trying said issue, and afterwards judgment thereon was rendered by the court, which has not been reversed or set aside. Replying further plaintiff says that the issue presented by the additional count filed February 10, 1902, upon which a verdict was returned as aforesaid and judgment rendered as aforesaid, is not the issue presented by plaintiff's last amended declaration, and said additional count did not state the same cause of action as is presented and stated by said second count of plaintiff's last amended declaration. And the cause of action presented by plaintiff's said second count of his last amended declaration and the issue by it presented has never been adjudicated or tried by this or any other court, and concludes to the country. The defendant joined issue."

The state of this record does not afford us the opportunity of discussing the propriety, on the part of the trial court, of admitting this plea, or whether appellee's demurrer should have been sustained to it, or whether under the facts of this case, an issue of fact for the jury should have been raised upon it. It may be here noted however, that the plea does not include the first count, does not purport to answer the whole declaration, is not tendered as a plea in bar of appellee's right to have and maintain his action, but is expressly limited to the second count. The plea is tendered only in bar of appellee's right further to maintain his action upon the "issues (of fact) raised as to the second count of his declaration," is tendered in bar of the action, in the form in which it is pleaded in the second count only. It may also be here noted, that the plea availed appellant to full extent therein claimed.

At appellant's request, the court gave the following instruction: "If you find a general verdict of guilty in this case, then you will also in your verdict designate under which count or counts of the amended declaration your verdict is found." The jury returned the following verdict: "We, the jury find defendant guilty as charged in the first count of the declaration, and assess plaintiff's damages at thirty-five

hundred dollars," and the court rendered judgment on this verdict.

Counsel states that the verdict of the jury is in direct conflict with and in disregard of the instructions of the court and should have been set aside for that reason alone, if for no other, and that the refusal of the trial court to set it aside for that reason, demands a reversal by this court.

Upon request of appellant, the court gave the following instructions:

"The court instructs the jury that if you believe from the evidence that the cause of action sued on under the second count of the present declaration, is the same cause of action sued on and mentioned in an additional count to the declaration filed in this court in this cause, on the 10th day of February, 1902, then your verdict must be for the defendant under said count."

"17. The jury are instructed that if you find from the evidence that the plaintiff at the January term, 1902, of this court, filed an additional count to this declaration, and that such additional count was for the same cause of action as this cause is for, then under the pleadings in this case your verdict will be for defendant as to both counts of the declaration."

These are the instructions upon which the above contention is based. As these instructions were doubtless understood by the jury, the verdict is neither in conflict with, nor in disregard of them. The verdict is responsive to the issues submitted in these instructions, as the jury must have understood them.

Counsel now contend that by reason of their plea and appellee's replication 'thereto, appellee is wholly estopped from any recovery in this case, and they insist that a judgment in favor of a defendant upon any one count of a declaration, bars plaintiff's right to recover upon any and all other counts thereof; and they argue that these instructions present that view of the law. In this view of the law we cannot agree with counsel.

The cause of action in this case was pecuniary damage,

sustained by the widow and children of deceased, occasioned by negligence on the part of appellant. Such cause of action may be stated in as many different forms as the pleader may choose to employ; each variant statement of the case constituting a count of the declaration. Now, while it is true that a recovery by the plaintiff upon any one count of a declaration, in such case, will bar all further recovery, this is not true as to the defendant. A recovery by the plaintiff for the injury complained of merges his entire cause of action into the judgment and extinguishes it, whatever may be the variant forms in which he has declared upon it in his declaration; but a judgment in favor of the defendant, upon any particular count or counts, not including all the good counts, would necessarily result from a variance between the allegations and the proofs as to such particular count or counts, or from some other cause not embracing the merits of the case.

It is not the practice, and so far as we are advised, has never been held to be the law in this state, that the excluding by the trial court of certain counts of a plaintiff's declaration, or the directing of a verdict for defendant as to certain counts, constitutes a bar to the action as stated in any good count or counts that might remain.

If the two instructions above quoted mean what appellant's counsel understand them to mean, they do not state the law correctly, and the court erred in giving them, and appellant having asked the court to give them, thereby led the court into error, and cannot now avail of that error to its advantage. "A party will never be allowed to take advantage of his own wrong, or of an error of the court induced on his own motion, and thereby compel the opposite party to suffer the consequences." "A party cannot obtain a reversal of a judgment on appeal, for an error which he has himself committed in the proceedings below, and the same principle applies if he induces the court to act erroneously in his own behalf." People v. Offerman, 84 Ill. App., 132. If the instructions mean what counsel contend they do, then the error

was in giving them, and not in refusing to set aside the verdict of the jury, on the ground that it ignored them.

Counsel further contend that by appellee's admission in his replication to appellant's plea, he is wholly estopped; that these admissions apply as well to the first count as to the second, and that these admissions alone, are conclusive of the whole case. In this also we cannot agree with counsel, but we are not at liberty to discuss this feature, for the reason that this plea and replication appeared in the record on the former appeal, just as they appear here, and no error was then assigned involving the question here raised. No question was properly raised upon that appeal as to the plea of former acquittal or the replication thereto, and it is too late to raise it now. Litigation must end. One who has withheld an assignment of error from one appeal that might have been assigned on that appeal, is estopped, and has no right to assign such alleged error and have it considered on a subsequent appeal. This question is more fully discussed and authorities cited in what we have above said relative to another feature of this appeal.

Finally, it is insisted that the court erred in refusing to give the 26th and 27th instructions asked by appellant. These instructions were both properly refused. The 26th wholly ignores the most material allegations of the first count of the declaration, which state, "that it was the practice of defendant and consistent with good mining to clear away and remove slate, clod and other substances from both sides of the track for a sufficient distance to allow drivers hauling coal over said tracks to pass around the sides of coal cars * * *. And that the drivers had knowledge of such practice and relied on it." And all of the 28th, that there is evidence to support is embraced in others that were given.

We find no reversible error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*