Price v. Lewis.

*Reversed.*

---

## Marie M. Price v. F. M. Lewis.

### Gen. No. 13,197.

1. SPECIAL INTERROGATORIES—*when failure of jury to answer, not ground for reversal.* Where a jury by agreement returned a sealed verdict and separated, and such verdict was opened in the absence of such jury, likewise by agreement, it is not error for the court to fail to send back the jury to answer special interrogatories which they had failed to answer, where a motion to send them back was not made when the entire panel was present so that the court could grant such motion.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

JAMES TURNOCK and EMORY D. FRAZER, for appellant; J. B. LANGWORTHY, of counsel.

GALLAGHER, FISKE & MESSNER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

F. M. Lewis, appellee, issued a distress warrant

against the property of appellant, Marie M. Price, and such proceedings were had that appellee recovered judgment against appellant, before a justice of the peace, for the sum of $200, for the rent of certain premises. , On appeal by appellant to the Circuit Court the appellee recovered judgment for $100, from which judgment this appeal is. The evidence is not preserved in the record, the bill of exceptions merely showing what the issues were and what the evidence tended to prove. The issues are stated to have been whether or not the defendant was indebted to the plaintiff for the rent of an office at 92 La Salle street, Chicago, Illinois; whether or not the defendant and A. S. Carpenter rented said office from the plaintiff as copartners; whether or not the defendant and said Carpenter rented said office from the plaintiff jointly. It is stated that the evidence tended to prove the plaintiff's claim that the defendant owed him in excess of $200 for rent of office space at 92 La Salle street, and that there was evidence, introduced by the defendant, tending to show that, at the time of the renting and previous thereto, the defendant and A. S. Carpenter were engaged in court reporting business in Chicago as copartners, and that plaintiff had knowledge of the existence of said copartnership. There was evidence tending to show that the plaintiff, in an action by him against the defendant, tried April 26, 1905, testified that he and A. S. Carpenter were partners, and also evidence tending to show that plaintiff did not so testify; and also evidence tending to show that the defendant and A. S. Carpenter, as partners, rented the premises in question from the plaintiff. The jury rendered a verdict for the plaintiff and assessed his damages at the sum of $100, and the court overruled a motion of the defendant for a new trial and rendered judgment on the verdict.

It appears from the bill of exceptions that the court, by the defendant's request, submitted to the jury the following interrogatories:

1. "Did the plaintiff, F. M. Lewis, rent the office in controversy to the defendant, Marie M. Price, and A. S. Carpenter, as partners?"

2. "Did the plaintiff, F. M. Lewis, rent the office in controversy to the defendant Marie M. Price, and A. S. Carpenter, jointly?"

It was agreed in open court, by the attorneys for the parties respectively, that the jury should seal their verdict and separate, and that on the convening of court on Monday morning, March 19, 1906, the verdict should be opened and read. In the evening of March 16, 1906, the jury found a general verdict, which was signed, sealed and delivered to the bailiff in charge of the jury. March 17, 1906, at the opening of the court, the verdict was delivered to the clerk of the court, and thereupon the attorney for the defendant moved that the verdict be opened and read, in the absence of the jury, and the attorney for the plaintiff consenting thereto, the verdict was opened and read, in the absence of the jury, when it was found that the jury had not answered either of the special interrogatories. Defendant's attorney then moved the court that the verdict be not entered of record, and that the jury be sent back to answer the special interrogatories, which motion the court overruled and caused the verdict to be entered, but stated that when the jurors would come together, he would send them "out." On Monday, March 19, 1906, at the opening of the court, defendant's attorney objected to the verdict, and again moved that the jury be sent back to the jury room to answer the special interrogatories. It appears from the evidence that the cause was, by consent, tried before eleven jurors. In response to the last motion, the court said that only ten of the jurors were present in court, one being absent on account of sickness in his family, and that the court would send the ten out to answer the special interrogatories, if the attorney for the defendant would consent, to which the latter objected and insisted on answers to the spe-

cial interrogatories by the eleven jurors, whereupon the court said he would send the jury out to answer said interrogatories as soon as the absent juror returned. March 20, 1906, at the opening of the court, the absent juror returned into court and continued to serve as a juror the remainder of the week, which was the last week of the term of service of that jury. The court on that day, March 20, 1906, said to defendant's attorney, that he could not get the jury together; that some of them were engaged in the trial of another case. Defendant's attorney did not, thereafter, while said jurors were in attendance in the court in which the cause was tried, and in other branches of the court, renew his motion to send the jury out, nor did he notify the plaintiff's attorney to be present for that purpose. April 7, 1906, the defendant moved for a new trial, which the court denied, and entered judgment on the verdict.

Counsel for appellant contend that the court erred in not sending the jury back to the jury room to answer the special interrogatories. This is the only contention argued by appellant's counsel, and therefore the only one which we are called on to consider.

The agreement between the parties was "that the jury should seal their verdict and separate." This agreement did not dispense with the personal attendance of the jurors in court when the verdict was opened. Rigg v. Cook, 4 Gilman, 336; Martin v. Morelock, 32 Ill. 485.

In the present case the verdict was opened in the absence of the jury, on motion of appellant's attorney, appellee's attorney consenting thereto. This was done at the opening of the court in the morning, before the jurors had come together, and, therefore, when it was impossible for the court to send them back to the jury room to answer the special interrogatories, and when the defendant's attorney so moved he well knew that the court was then powerless to allow or act on the motion. It appears further, that

when, March 19, 1906, defendant's attorney again moved the court to send the jury back to answer the special interrogatories, it was impossible for the court so to do, one of the jurors being absent on account of sickness in his family, and defendant's attorney refusing to consent to the answering of the interrogatories by the ten jurors then present in court. Subsequently, March 20, 1906, the juror absent on account of sickness appeared in court, but it does not appear that then or thereafter there was any time when all the eleven jurors who returned the verdict were present during their term of service, in the branch of the court in which the cause was tried, and it appears that subsequently to March 19, 1906, appellant's attorney did not call the attention of the court to the motion made that day. Had not appellant's attorney moved that the sealed verdict should be opened March 17, 1906, in the absence of the jury, the court would doubtless have conformed to the usual and correct practice in the case of a sealed verdict having been returned and the jury having separated, which is, not to open the verdict until the jury whose verdict it is are all present. Our province is to consider and pass on alleged errors of the trial court; but when an alleged error is caused by the action of the party assigning it, such party is in no position to complain of it, because, in complaining, he is, in effect, complaining of his own error. People for use v. Offerman, 84 Ill. App. 132.

If, after March 17, 1906, the jurors who rendered the verdict were all present in court, at any time during their term of service, it was the duty of appellant's attorney to call the attention of the court to his motion, and the fact that he did not is evidence that said jurors were not all in the court together at any time after March 16, 1906, when the motion was made. From the fact that the evidence has not been preserved, and it is not contended that the verdict is contrary to the weight of the evidence, we are at liberty

to assume that the verdict was in accordance with the weight of the evidence.

The second of the special interrogatories should not have been submitted to the jury, because, notwithstanding appellant and Carpenter may have been jointly liable, suit could have been maintained against either of them, if they were not partners, under section 3 of chapter 76 of the Revised Statutes. Sandusky v. Sidwell, 173 Ill. 493.

The jury was fully instructed, and we do not think appellant could have been prejudiced by the omission of the jury to answer the first interrogatory.

The judgment will be affirmed.

*Affirmed.*