Harry Walters, Administrator of Estate of Charles Joseph Howard, Deceased, Appellee, v. Charles Ind and Raymond Hart, Appellants.

Gen. No. 9,849.

 Opinion filed
April 28, 1943. Rehearing denied June 1, 1943.

WELSH & WELSH, of Rockford, for appellants; C. K. WELSH, of Rockford, of counsel.

MILLER, THOMAS & HICKEY, of Rockford, for appellee; L. C. MILLER and FRANCIS E. HICKEY, both of Rockford, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The defendants, Charles Ind and Raymond Hart, prosecute this appeal from a judgment of $7,500 against them in favor of the plaintiff, Harry Walters, as administrator of the estate of Charles Joseph Howard, deceased, based on the verdict of a jury in a suit under the Wrongful Death Act. At the commencement of the trial, the complaint consisted of three counts. At the close of the plaintiff's evidence on motion of the defendants, the court directed, and the jury returned a verdict finding the defendants not guilty under counts 1 and 3. Count 3 charged wilful and wanton misconduct, and is not involved in this appeal.

It is first contended by the defendants, that for several reasons the complaint, being now the second count thereof, does not state a cause of action, or as defendants' counsel state it: The complaint is insufficient to sustain the verdict of the jury. The first reason urged by the defendants as sustaining this contention will be treated alone, and the others together.

We do not deem it necessary to set out the allegations of counts 1 and 2 in any great detail to determine if count 2 is subject to the first objection made to it by the defendants. The first count alleged that plaintiff's intestate on December 16, 1940, was driving his automobile on Kishwaukee street near the City of Rockford; that Kishwaukee street was designated as a

preferential highway; that defendant Ind, by the defendant Hart, as his agent, drove his truck into said highway from a private driveway at a high rate of speed, without stopping the truck, and directly in front of the automobile of plaintiff; that it was the duty of the defendant to bring said truck to a stop before driving upon said highway and to otherwise yield the right of way to the automobile which decedent was driving at the time of the accident. Each paragraph of count 1 by reference (as was permitted by Rule No. 11½ (now 11) of Supreme Court Rules of Procedure and Practice), was incorporated in count 2. In count 2, it is further alleged that: On said date, the date of the accident, there was in full force and effect, the following provisions of the Motor Vehicle Act of the State of Illinois, to-wit, ch. 95½, par. 168 [Jones Ill. Stats. Ann. 85.200]: "The driver of a vehicle about to enter or cross a highway from a private road or driveway, shall yield the right of way to all vehicles approaching on said highway." Thus, it is apparent that in the second count, the cause of action was founded on the alleged violation of a statutory duty placed on the driver of the truck.

It is urged by the defendants that as the court directed a verdict of not guilty on count 1, and as the charging paragraphs of counts 1 and 2 are identical, there was of necessity a finding by the trial court that the charging paragraph of count 2, namely, that Hart did not stop his truck and yield the right of way to the automobile of the plaintiff's intestate before entering the highway, was eliminated from count 2, and it does not state a cause of action. We are unable to perceive any merit in this argument. The following statement in the case of *Muren Coal & Ice Co. v. Howell,* 119 Ill. App. 209, 219, is applicable here. "It is not the practice, and so far as we are advised, has never been held to be the law in this state, that the excluding by the trial court of certain counts of a plaintiff's declara-

tion, or the directing of a verdict for defendant as to certain counts, constitutes a bar to the action, as stated in any good count, or counts that might remain.''

It is further urged by the defendants that count 2 does not state a cause of action, because it is not therein alleged: 1. The existence of a duty on the part of the defendants to protect plaintiff's intestate from the injury of which plaintiff complains; 2. A failure of defendant to perform that duty; 3. An injury to the plaintiff's intestate resulting from such failure. It is provided by section 33 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.033] that pleadings shall be liberally construed with a view of doing substantial justice between the parties. Paragraph 168 of the Motor Vehicle Act, quoted in count 2 of the complaint, determined and fixed the duty of the driver of the truck under the facts alleged in the complaint; paragraph 4 of count 2 clearly alleges facts, and the failure of the driver of the truck to perform that duty and that his failure, or wrongful act, caused the death of the plaintiff's intestate. The contention that the complaint does not state a cause of action is not sustained.

Over the objection of the defendant, the court allowed May Hadd to testify that approximately at 5:45 p. m. on the day of the accident in question, she saw the decedent, her brother, get into the driver's seat of the Ford Coupe; that the red lights on the car were turned on, and the car then moved south on Kishwaukee street; that she could see the car for a distance of about a block after it left her home, and then it disappeared out of sight; that she observed the car from the window of her apartment in the City of Rockford, Illinois. The objection to the evidence is that it is too remote to have any bearing on the issues in the case, and that it had no weight or probative force. All matters of weight or probative force in this testimony should be weighed by the jury. We think the evidence was competent, and it is for the jury to de-

cide whether it had any bearing on the question or not.

The appellants strenuously insist that the verdict in favor of the plaintiff was not established by a preponderance of the evidence, either that the plaintiff was in the exercise of due care or caution for his own safety at the time of, or immediately prior to the time of the accident, or that the defendants were guilty of any negligence, as charged against them in the complaint that contributed to, or was the primary cause of the accident. It is conceded by the parties to this suit that where there were no eyewitnesses to the accident, then the careful habits of the deceased can be proven by competent evidence. In this case Harry Walters, without objection, testified that he had known the deceased, Charles Joseph Howard, for a number of years. In his testimony he detailed acts relative to the careful habits of the deceased. This was sufficient evidence to go to the jury for their consideration, together with the other evidence, and circumstances in the case, and it was for them to decide whether the plaintiff had proven due care and caution on the part of the plaintiff's intestate just before, and at the time of the accident in question. Mrs. George Howard, the mother of Charles Joseph Howard, also testified. While her testimony has little bearing as to the careful habits of her deceased son, Charles, an objection was offered to her testimony, but was withdrawn by the attorney for the defendant when it was stated by the attorney for the plaintiff that it was for the purpose of showing due care on the part of the plaintiff's intestate. We think there was sufficient evidence to go to the jury for their consideration as to whether the plaintiff's intestate was in the exercise of due care and caution for his own safety, just prior to, and at the time of the accident.

The defendant, Raymond Hart, was called as a witness on his own behalf, and testified as to how the accident occurred. He stated that he was the driver

of the truck, and detailed how the accident occurred. It was insisted by the plaintiff that the defendant, Hart, was an incompetent witness, but the court overruled the objection because the plaintiff, having called the mother of the deceased, as a witness, and she being a beneficiary in the suit, then the defendant had a right to rebutt the presumption of the careful habits of the deceased, and admitted the testimony. The defendant, Hart, gave his interpretation of how the accident occurred, and on cross-examination, it was shown that four days after the accident he had made a statement which was reduced to writing, as to how the accident had occurred, and it differed so materially from his testimony given at the trial, that the trial court, in his written opinion, in overruling a motion for a new trial, stated that he was still in doubt as to whether there was an eyewitness to the accident. Without stating here in detail what the testimony was, but from a review of all of the testimony, the physical facts, as found at the scene of the accident, and especially the photographs showing the damage to the decedent's car and the defendants' truck, it is our conclusion that the verdict of the jury is sustained by the evidence in the case.

It is claimed that the testimony of Harry Walters and the other witnesses relative to the careful habits of the deceased only raised a presumption of due care and careful habits on the part of the deceased, and that when the witness, Hart, testified as an eyewitness as to how the accident occurred, that then, there was no competent evidence in the record in regard to the due care and caution on the part of the deceased. We do not agree with this contention, as we think this was proper evidence to be submitted to the jury for their consideration. However, the appellants are in no position to raise this question, as there was no motion made to strike this testimony, and it went to the jury without objection. It was proper evidence at the time it was admitted, and remained such until its com-

petency was questioned by a motion to strike, or in some other legal method.

Criticism is made of plaintiff's given instruction No. 6. In the case of *Schaffner v. C. F. Massey Co.*, 270 Ill. 270, the same instruction was approved by the Supreme Court. The objection to the instruction is practically the same in both cases. It is our conclusion that the court did not err by giving the plaintiff's instruction No. 6.

It is contended by the plaintiff that defendants' instruction No. 19, was so modified and interlined that it made the instruction unintelligible and erroneous. The instruction as interlined as claimed by the appellants is neither set forth in the abstract, nor in the record. Neither was it claimed as error in appellants' motion for a new trial, and it is raised for the first time, as far as this record discloses, in this court. The fact that both sides argued the matter in their briefs, it was evidently raised in the arguments in the lower court. If the interlined matter was not obliterated so that the jury could read it, then it was error on the part of the trial court to give it. The judge recognized this fact. It is also the law that it is not reversible error, unless it is such that the jury would be clearly misled in regard to that portion of the instruction, which was attempted to be obliterated. In the present case we think the appellants have waived any right to object to this instruction. We further believe that it was not reversible error on the part of the trial court in giving the instruction as modified.

We find no merit in the criticism of the defendants' given modified instruction No. 14. The verdict of $7,500 for the death of a healthy and industrious young man is not excessive in our judgment, especially so when there was no bias, or prejudice shown on the part of the jury in rendering the verdict.

We find no reversible error in this case, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*