## Martha C. Richardson, Executrix, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,893.

1. VERDICTS—*when not excessive.* Held, in a personal injury action that a verdict for $4,000 was not excessive, where it appeared that the plaintiff, as a result of the accident, suffered abrasions and slight wounds upon his head and face and partial paralysis with attendant nervous shock, and resulting in weakness and inability to attend to his business as before the accident.

2. VERDICTS—*when not disturbed as against the evidence.* Notwithstanding the appellate court might have reached a different conclusion from the evidence, yet a verdict will not be disturbed as against the evidence unless clearly and manifestly so.

3. INSTRUCTIONS—*when modification as to exercise of ordinary care not improper.* Held, that it was not error to substitute for the following sentence, "ordinary care and prudence is the exercise of that care which a person of common prudence bestows upon his or her own affairs and concerns," the following, "ordinary care and prudence is the exercise of that care which a person of ordinary care and prudence *ordinarily* exercises under the same or like circumstances as shown by the evidence."

4. INSTRUCTIONS—*when as to quantum of proof of damages properly refused.* An instruction is too broad which is to the effect that *"every* item and element of damage claimed by the plaintiff must be shown by a preponderance of the evidence in the case."

5. EVIDENCE—*what tests proper. Held.* that it was not incompetent to permit expert medical witnesses to testify as to tests applied to ascertain the plaintiff's strength.

Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 21, 1912. Rehearing denied June 4, 1912. *Certiorari* denied by Supreme Court (making opinion final).

WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

ELMER & COHEN, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This is an action brought by John R. Richardson, the deceased husband of appellee, against the Chicago City Railway Company, in the Superior Court of Cook County. The case was tried before a jury and resulted in a verdict and judgment against appellant for $4,000. Subsequently and after the original briefs of both sides were filed in this court, Richardson died, and his widow, Martha C. Richardson, executrix of his last will, was substituted as appellee.

It appears that on the 4th of February, 1909, the deceased, John R. Richardson, then a practicing physician and surgeon in the city of Chicago, was driving east on Thirty-seventh street in Chicago, in a top buggy drawn by a single horse, and at the intersection of Wallace street, his buggy was struck by a south bound street car, operated by appellant; he was thrown from the buggy, and claimed to be seriously injured. The declaration charges that the appellant company so carelessly, negligently, and recklessly operated, managed, manipulated, ran, drove, propelled

and handled its car in question that while plaintiff was then and there exercising due care and caution for his safety, the street car struck his buggy with great force, knocking it over, and throwing him to the ground with great force and violence, causing the injury complained of. Dr. Richardson was then and had for many years been in active practice in the city of Chicago; he was about sixty-five years of age, and the evidence showed that at and prior to the time of the accident, his hearing was somewhat defective, and the sight of one eye had been impaired, as a result of a previous injury.

Appellant relies upon four grounds in his brief and argument for setting aside the verdict and reversing the judgment, viz: (1) The verdict is against the manifest weight of the evidence; (2) errors in the admission of improper evidence and the rejection of proper evidence; (3) errors in the refusal of proper instructions requested by appellant; (4) damages awarded by the verdict are excessive.

Taking up the contentions made by appellant in their reverse order, we consider first the claim that the verdict was excessive. We think it a fair conclusion from the evidence, that up to the day of the injury Dr. Richardson had attended to his daily practice in and about the city, visiting and treating his patients, at his office, at their homes, and at hospitals, and operating in surgical cases; that before the accident his general health was good, though his hearing was noticeably defective, as was also the sight of one eye, both of which physical defects were said to be due to his service in the army many years before; that he had a very considerable practice both in medicine and surgery, aggregating for the year immediately preceding the accident from $400 to $500 per month; that following the accident, and as a result of it, his income was reduced to approximately one third of what it was formerly. It is true that none of his

bones were broken, nor were any serious bruises apparent at the time of the accident, and it also appears that immediately following it, he got about and seemed nearly or quite normal; that the apparent effect of the fall consisted of abrasions and slight wounds upon his head and face; on the other hand, however, the witnesses for the plaintiff testified that in their opinion a partial paralysis was the immediate result of the accident, with its attendant nervous shock, the effects of which continued down to the time of the trial, resulting in weakness and inability to attend to his business as formerly. In the light of all the evidence before the jury, we cannot say that we think the damages awarded excessive.

Appellant complains that the court improperly modified an instruction offered by it, defining ordinary care, and also refused an instruction (No. 8) offered by it, bearing upon the question of damages claimed by the plaintiff. As offered by appellant, the instruction as to ordinary care was, in part, as follows: "ordinary care and prudence is the exercise of that care which a person of common prudence bestows upon his or her affairs and concerns." This part of the instruction the court modified by making it read, "ordinary care and prudence is the exercise of that care which a person of ordinary care and prudence *ordinarily* exercises under the same or like circumstances as shown by the evidence."

It is true that this court in Chicago City Railway Company v. Schuler, 111 Ill. App. 470, and in Chicago Union Traction Company v. Hansen, 125 Ill. App. 153, condemned the use of the word "ordinarily" in the instruction, yet our Supreme Court, in Chicago Union Traction Company v. Chugren, 209 Ill. 429, on page 431, expressly approved an instruction defining ordinary care, which instruction contained the word "usually," which is similar in meaning to the word "ordinarily" here objected to. Under this authority

we must hold the instruction good. Moreover, the tenth instruction given by the court in the case at bar, properly defined the care required of the motorman, and applied the same test to the plaintiff.

As to the refused instruction (No. 8) we think it was properly refused. The instruction was to the effect that "every item and element of damages claimed by the plaintiff must be shown by a preponderance of the evidence in the case." That is not the law. In this case plaintiff was not required to prove "*every item and element of damages claimed*," in order to recover upon such terms as were sustained by the proof.

Appellant contends that the court below erred in permitting one of the appellee's witnesses to express his opinion of the distance within which a car could be stopped, basing its contention upon the ground that he was not sufficiently qualified to express an expert opinion, and that the hypothetical question was not sufficiently accurate to permit the answer. Appellant also contends that the court erroneously permitted one of the appellee's expert medical witnesses to testify as to tests he applied to ascertain appellee's strength, etc. It is perhaps sufficient to say that after carefully considering the testimony in the light of these objections, we cannot sustain the contention of appellant in relation thereto. If any error was committed by admitting the testimony, it was so inconsequential as to not constitute a reversible error.

Appellant strenuously contends that the verdict is against the manifest weight of the evidence. John Darvin, Patrick Egan, Joseph O'Brien, and Dr. Richardson himself, testified on behalf of appellee. Upon their testimony, the jury would have been justified in believing that the doctor was driving east on Thirty-seventh street, and, as he approached Wallace street, he looked both north and south and saw the car, which subsequently collided with his buggy, just north of

Richardson v. Chicago City Ry. Co., 170 Ill. App. 336.

Thirty-seventh street, going south at a very slow rate, and apparently coming to a stop, quite under the control of the motorman; that, at the time, the doctor was only about 15 or 20 feet from the south-bound track upon which the car was coming, and he started across the track; at about the same instant, the motorman negligently applied the power to the car, and it came forward with such speed that it struck the buggy at the rear or hind wheels with great force, and hurled it diagonally across the street, overturning and smashing it, and violently throwing the doctor out upon the street, where he fell upon his head with great violence, which fall, it is claimed, caused a rupture of blood vessels in the brain, and was followed by a stroke of paralysis.    The doctor testified that the bell on the car was not rung, and several witnesses, not only those testifying for the plaintiff, but also some who were called for the defendant, testified that the car was going at a speed of from 10 to 12 miles an hour at the time it struck the buggy, and that, after the collision, the car ran about 60 feet and stopped, with its rear platform a little south of the south curb line of Thirty-seventh street.    There was also testimony to the effect that it had been raining the night before, and that the rails were in such condition that the car in question could not have been stopped in less than 100 feet, even if going at a rate of only 7 or 8 miles an hour.    If this and the other testimony given on behalf of the plaintiff were credited by the jury, they would have been justified in finding that the motorman was negligent in the manner in which he handled the car, and that the collision was a direct result of such negligence, and that Dr. Richardson was not guilty of contributory negligence.

On the other hand, Michael Blanchfield, the conductor, and Patrick Gleason, the motorman of the car in question, C. C. Crick, an employe of appellant, Christopher Foley, a policeman, Charles L. Morse, a den-

tist with an office at the corner of Wallace and Thirty-seventh streets, and John Boike, not an employe of appellant, but who was on the front platform of the car which collided with the buggy, testified on behalf of appellant, and gave their version of the occurrence, from which it would appear that, at a point from 60 to 90 feet north of the north curb line of Thirty-seventh street, a coal wagon was backed against the west curb of Wallace street, where it was being unloaded; that, in passing that coal wagon, the speed of the car was slackened to a very slow rate, after which it was increased by the motorman, though not exceeding 6 or 8 miles per hour; that, when the car was only about 15 feet north of Thirty-seventh street, the doctor's horse was 40 or 50 feet west of Wallace street, going east at a moderate trot; that, as soon as the motorman saw that the doctor intended to cross in front of his car, he applied the brakes and reverse power, rang the bell, and brought the car to a stop within a few feet; that the doctor saw the approaching car about 60 feet north of Thirty-seventh street at a time when his horse was approximately 5 feet west of the outer or west line of Wallace street, after which he never looked toward the car nor increased the speed of his horse, but drove directly 50 or 60 feet and attempted to cross immediatedly in front of the car then in motion, under conditions which clearly rendered him guilty of contributory negligence; and, that the motorman was not negligent in any manner in operating the car.

We have carefully examined all the testimony of the various witnesses with respect to the manner in which the accident occurred, and while it is, as so often happens in cases of this character, conflicting upon many points, we cannot say that the verdict is so manifestly against the weight of the evidence as to justify us in setting it aside upon that ground.

The evidence in the case is not clearly convincing; indeed, had the evidence, which was heard by the jury,

been submitted to us sitting as jurors, we might have reached a different conclusion than was reached by it. However, that is not the test. It is our duty to sustain this verdict and judgment, unless we are of the opinion that the verdict is manifestly against the weight of the evidence, and we do not so find.

The judgment of the court below will, therefore, be affirmed.

*Judgment affirmed.*