## The Chicago Union Traction Company
### *v.*
### Emil Chugren.

*Opinion filed April 20, 1904.*

1. Damages—*when instruction as to future damages may be given.* An instruction authorizing the jury in a personal injury case to consider future pain and suffering or inability to labor may be given if there is evidence tending to show some permanent injury from which the future damages mentioned are reasonably certain to result, even though, at the time of the trial, plaintiff is doing the same work and earning the same wages as before the accident.

2. Negligence—*when instruction fixing standard of ordinary care is not objectionable.* An instruction fixing the standard of ordinary care as that care and foresight which a person of ordinary prudence, caution and intelligence would "usually" exercise under the same or like circumstances is not objectionable on account of the use of the word "usually."

*Chicago Union Traction Co.* v. *Chugren,* 110 Ill. App. 545, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Russell P. Goodwin, Judge, presiding.

John A. Rose, and Louis Boisot, (W. W. Gurley, of counsel,) for appellant.

Castle, Williams & Smith, (Benjamin M. Smith, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of appellee, against appellant, for damages resulting from a collision of an electric car of appellant and a wagon loaded with timothy seed, on which appellee was riding and driving the team hauling the same across the tracks of appellant, by which he was thrown to the ground and injured.

The errors assigned consist in giving two instructions to the jury at the request of the plaintiff.   The first instruction related to the assessment of damages in case the plaintiff should recover, and authorized the jury to take into consideration any future pain or suffering or future inability to labor or transact business, if any, that the jury might believe, from the evidence, the plaintiff would sustain by reason of the injuries received.   The objection is, that it permitted a recovery of damages for an element of injury which there was no evidence tending to prove was reasonably certain to occur.   The allegations of the declaration were sufficient to admit proof of a permanent injury.   The evidence showed that as a result of the collision the left shoulder of the plaintiff was dislocated, and there was a fracture of the bones of the nose and a cut over the right eye, extending across it and exposing the bone.   The evidence for the plaintiff was, that at the time of the trial, more than a year and a half after the accident, the left arm could not be raised above the horizontal line; that the natural motion was limited, and an attempt to raise the arm higher than a horizontal line caused pain; that the vision of the right eye was affected and diminished to the extent of one-fourth to one-third, and that the defective eyesight was permanent and likely to grow worse.   This testimony tended to show that there was some permanent injury which would affect the ability of the plaintiff to labor, and that the future damages mentioned in the instruction were reasonably certain to result.   On the other hand, there was evidence that at the time of the trial plaintiff was still a teamster and was earning the same wages as before the accident.   This evidence was proper to be considered by the jury on the question of future damage, but it was not error to give the instruction based on the evidence for the plaintiff.

The second instruction was devoted to the subject of contributory negligence and the degree of care required

of the plaintiff, and the objection to it is, that in fixing the standard of ordinary care it was stated to be that care and foresight to avoid danger which a person of ordinary prudence, caution and intelligence would usually exercise under the same or similar circumstances. Counsel say that the word "usually" had no proper place in the instruction; that plaintiff was required by law to exercise such care as a person of ordinary prudence would exercise under the same or like circumstances; that a person possessed of ordinary prudence, caution and intelligence may exercise great care sometimes and at other times no care at all, and that when exercising no care he is not acting as a person of ordinary prudence. Counsel also object to the instruction as limiting the care required of the plaintiff to the time of the accident. The instruction includes the endeavor or attempt of the plaintiff to cross over the tracks of the defendant and also the time while on the tracks, which covers the whole period of the occurrence, and it is not limited to the time of the accident. It is true that men who are generally prudent and cautious are sometimes careless or inattentive to danger, and that the standard of ordinary care is to be determined from what prudent men generally or ordinarily do, and not on occasions where there may be a lapse from their usual habit of care. The jury are to determine what a reasonably prudent man would ordinarily do in a given state of circumstances. We think the instruction is not subject to the criticism offered, but that it conforms to the rule contended for by counsel.

Appellee moves the court to assess damages against the appellant on the ground that the appeal was prosecuted merely for delay. We cannot say that the appeal was taken for that purpose and not in good faith, and the motion is denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*