THE CAL HIRSCH & SONS IRON AND RAIL COMPANY

*v.*

EDWARD COLEMAN.

*Opinion filed April 18, 1907.*

1. MASTER AND SERVANT—*when alleged relation of fellow-servants has no application.* The fact that at the time of a servant's injury the servant and his foreman were co-operating in the work to such an extent that they might be classed as fellow-servants has no effect to relieve the master from liability, where it is not claimed that the foreman was negligent while assisting the servant with the work, but in giving a certain order before the work began. (*Leonard* v. *Kinnare,* 174 Ill. 352, followed.)

2. EVIDENCE—*it is proper to allow witness to explain his signing of a contradictory statement.* Where a witness has signed a statement out of court in conflict with his testimony at the trial, and such fact is relied upon to impeach his credibility, it is proper to allow him to explain his signing of the statement in so far as he states facts within his knowledge.

3. SAME—*rule as to impeachment of witness by proof of contradictory oral statements.* Before a witness can be impeached by showing that he has made oral statements out of court inconsistent with his testimony, he must first be asked as to the time, place and persons involved in the alleged contradiction.

4. SAME—*right to recall witness for further cross-examination is subject to discretion of court.* The right to recall a witness for further cross-examination is largely subject to the discretion of the trial court, and its action in that respect will not be interfered with by a court of review unless there has been an abuse of such discretionary power.

5. APPEALS AND ERRORS—*when refusal to recall a witness is not error.* Refusal to allow a witness to be recalled for further cross-examination with respect to certain alleged contradictory statements made out of court is not an abuse of the trial court's discretion, where the only statement shown by the record to have been made by him is not substantially at variance with his testimony.

6. INSTRUCTIONS—*instruction purporting to recite allegations of declaration must recite them correctly.* An instruction which purports to recite certain allegations of the declaration as being material allegations which must be proved by a preponderance of the evidence, must recite such allegations correctly.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

This is an action in case, brought by appellee in the city court of East St. Louis, to recover from appellant for personal injuries sustained while in the service of said company. A tackle block or pulley was fastened to a stationary point by a rope or lashing. Through this pulley ran a hauling rope, one end of the hauling rope bearing a large hook and the other end being wrapped around the drum of a stationary engine. When the part of the hauling rope behind the drum was pulled so as to tighten it against the drum, the friction would cause the rope to be wound around the drum and haul toward the block or pulley any material attached to the hook at the other end. On March 16, 1905, appellee, with Lee Horn, a foreman of appellant, was using the engine, block and tackle to haul scrap iron together for the purpose of making it into small bales. Appellee fastened the hook at the end of the rope to a pile of scrap and the engine was started, appellee or Horn, or both, holding the rope taut on the drum to assist in this work. During this operation the rope by which the block was fastened to the engine broke, and the hauling rope, being suddenly loosened, caught appellee in its coils and drew him against the drum or some part of the engine, breaking and dislocating his left elbow, spraining his right ankle and fracturing a rib. The evidence tended to show the arm might always remain stiff.

The declaration consisted of one count. No question is made as to its sufficiency. The appellant filed a plea of not guilty, and on trial the jury found for appellee and assessed his damages at $2000. Motion for new trial was overruled and judgment was rendered on the verdict. On appeal to the Appellate Court the judgment of the city court was affirmed. The case is now brought by appeal to this court.

STEWART, ELIOT & WILLIAMS, and WISE & McNULTY, for appellant.

WEBB & WEBB, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The evidence was conflicting but fairly tended to prove every material issue, hence the judgment of the Appellate Court as to the facts is conclusive on this court, and it is only necessary to consider the legal questions raised.

Appellant urges that if the accident was caused by the negligence of the foreman it was while he was acting as a fellow-servant of appellee, and that there can be no recovery. Appellee testified that shortly before the injury he was told by the foreman, Lee Horn, to go and bring the block and tackle, and also to bring a certain piece of rope which was pointed out, for the purpose of fastening the block to the engine. He claimed that he thereupon told Horn the rope was no good; that it had broken the day before while he and another workman were using it and they had thrown it aside, and that he wanted to go to the warehouse and get another rope; that the foreman told him to go and get the rope first mentioned, which he did, and that the foreman assured him that it was all right, although he (appellee) still insisted it was no good. Appellee is corroborated on this point by another witness. Horn denied that he had ordered Coleman to get this rope, and claimed that the block had been fastened to the engine by this rope for some days before it was broken. Whether they were fellow-servants was a question for the jury, and instructions fully covering this point were given to the jury on behalf of appellant. Moreover, it is not claimed, nor is there any evidence tending to show, that at the time of the accident the foreman or appellee was in any way negligent. The negligence charged to the foreman was in using this old rope for the purpose of attaching the block to the engine before the work began. In

*Leonard* v. *Kinnare*, 174 Ill. 352, a very similar question was involved. We there said (p. 537) : "Conceding that the deceased and those with whom he was working at the time of the injury were fellow-servants, including Gow, [Gow was the foreman,] who had charge of erecting the tackle, that has no bearing on the case. Here the injury resulting in the death of the deceased did not arise from any negligent act of the men in operating the rope and tackle, * * * but the negligence relied upon was that the block and tackle were not properly constructed by the defendant's foreman. The duty of the master to exercise reasonable care in providing safe instrumentalities where servants are required to work is a positive obligation towards the servant, and the master is liable for any failure to discharge that duty, whether he undertakes that performance personally or through another servant." (*Hess* v. *Rosenthal*, 160 Ill. 621; *Chicago and Alton Railroad Co.* v. *Scanlan*, 170 id. 106; *Schillinger Bros. Co.* v. *Smith*, 225 id. 74.) The facts in the *Leonard case, supra,* are practically "on all-fours" with the case at bar, and the reasoning there is decisive on this point.

Shortly after the appellee's injury one of the witnesses, Samuel Phillips, who afterward testified in his behalf, and certain other men, were taken by appellant's foreman to the office of an attorney in St. Louis, and there, after Holder, one of these men, had been questioned, a statement was prepared purporting to cover the facts that he had stated, and then the witness Phillips signed a statement saying that he had heard the statement of Holder and that he knew it was true in every particular, and that he adopted it and made it his own statement. Phillips, in testifying at the trial, stated the facts differently from the way they were set out in Holder's statement. When asked on the witness stand about it, he testified that the statement he was then making (at the trial) was correct. He was recalled later on, and among others the following question was asked: "When you signed the paper, tell the jury what your understanding was

as to what you were signing." Objection was made to this
question, and after discussion the court said: "Well, he
may state what he knows about it; perhaps that question is
objectionable in the present form." Witness then answered:
"Well, what I thought it was, I was over there for to sign
whether this man was to get any money or not; that it was
that they came after me for, whether he was to get any
money,—whether I was a witness; that was my under-
standing when I went over there; I didn't know any-
thing—." The witness was here interrupted by counsel for
appellant with a motion to exclude his answer, and the court
denied the motion on the ground that the answer "went
along without objection." It is urged that the admission
of this testimony is reversible error. The witness was ques-
tioned at length, both on direct and cross-examination, es-
pecially the last time he was on the stand, as to what took
place at the time he signed this statement. All the details
were gone into after he gave the answer objected to. A
witness' credit may be impeached by proof that he has made
statements out of court contrary to what he has testified to
at that trial. (1 Lewis' Greenleaf on Evidence, sec. 462.)
Starkie, in discussing this question, lays down the following
rule: "If the witness admits the words, declaration or act,
proof on the other side becomes unnecessary, and an oppor-
tunity is afforded to the witness of giving such reasons, ex-
planations or exculpations of his conduct, if any there be,
as the circumstances may furnish." (1 Starkie on Evi-
dence,—10th ed.—*p. 240.) This court quoted this rule
with approval in *Atchison, Topeka and Santa Fe Railroad
Co.* v. *Feehan,* 149 Ill. 202. The court stated that the ques-
tion of counsel was objectionable but that the witness might
state what he knew about it. This was undoubtedly proper,
and while the witness, in answering, included some state-
ments that were objectionable, we cannot see that appellant
was in any way harmed, as the matter was most fully gone
into and the appellant's counsel was permitted to examine at

length as to all the details. The sufficiency of the witness' explanation was a matter for the jury. Appellant's counsel cite *Hartley* v. *Chicago and Alton Railroad Co.* 116 Ill. App. 277, and *Chicago, St. Paul and Missouri Railway Co.* v. *Belliwith,* 83 Fed. Rep. 437, in support of their contention on this point. Both of these cases involve oral testimony to vary or avoid the terms of a written contract, which in each instance was sought to be avoided. The distinction between these two cases and the case at bar is apparent. Under the circumstances of this case no error was committed in permitting the witness to make the explanation in question.

The appellant sought to show that Anderson, one of the appellee's witnesses, had made oral statements out of court in conflict with his testimony given in the case. This witness did not have his attention called, during his examination, to the alleged statements which conflicted with his testimony. Before a witness can be thus impeached, the general rule is that he must first be asked as to the time, place and person involved in the supposed contradiction. (Lewis' Greenleaf on Evidence, sec. 462.) When this objection was made on the trial counsel for appellant requested that the said witness might be recalled for further examination. The court refused to permit this. It is not apparent from the record whether the witness Anderson was present in court at the time or not. The right to recall a witness for further cross-examination is largely within the sound discretion of the trial court, and can only be reviewed when it is apparent that the refusal was an abuse of this discretionary power. (*Northwestern Railroad Co.* v. *Hack,* 66 Ill. 238; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221; *Blanchard* v. *Blanchard,* 191 id. 450.) Appellant did not specifically set up what he claimed this witness had stated out of court contradictory to what he had stated in court. For this reason it is impossible to say whether the recalling of the witness would have been of any advantage to appellant. The most particular statement on this point is contained in the follow-

ing offer when witness Holder was being examined: "I offer to prove that this witness will testify that Mr. Anderson stated this morning that when he first turned around he saw Coleman caught in the rope, and that was the first he knew of Coleman being caught in the rope." We have read the testimony of the witness Anderson at length in the record and find no substantial variance shown by this proposed offer from the testimony itself, hence if appellant had been allowed to prove the offer it would not have impeached Anderson's testimony.

Appellant urges as error the refusal of the trial court to give instruction 11, to the effect that plaintiff had alleged in his declaration "that he had informed the foreman that the rope used in hoisting the iron was weak and insufficient, and after he was so informed that the foreman negligently ordered the plaintiff to pull, drag and hoist the iron with said weak and insufficient rope; * * * that these are material allegations, which must be proved by a preponderance of the evidence." The allegation in the declaration is, that after this information had been conveyed to the foreman, "notwithstanding said information the foreman used said lashing or rope and undertook to secure said block and tackle there," etc., while the instruction stated that the declaration alleged "the foreman negligently ordered the plaintiff to pull, drag and hoist with such weak and insufficient rope." If appellant desired to refer to the allegations of the declaration by way of recitation, such recitation should have been accurate and correct. The instruction was on this ground objectionable. That part of the refused instruction which stated that these were material allegations, which must be proved by a preponderance of the evidence, in so far as it was a correct statement of the law was fully stated in plaintiff's seventh instruction, which was given to the jury.

We find no substantial error in the record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*