## Joseph Enright, Appellant, v. Chicago City Railway Company, Appellee.

### Gen. No. 15,953.

1. NEGLIGENCE—*when doctrine res ipsa loquitur not invoked.* If the several counts of the declaration contain charges of specific acts of negligence the doctrine of *res ispsa loquitur* is not invoked.

2. NEGLIGENCE—*extent of doctrine res ipsa loquitur.* The presumption of negligence which results from the application of the doctrine *res ipsa loquitur* is rebuttable and may be overcome by proof.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 20, 1911.

**Statement by the Court.** This is an appeal from a judgment rendered by the Circuit Court of Cook

county, in favor of the Chicago City Railway Company, and against Joseph Enright, for costs. The litigation grew out of the following state of facts:

The defendant is engaged in operating a certain electric street railway along and upon Clark street, in the city of Chicago, Cook county, Illinois, and the plaintiff on the 22nd day of June, 1907, boarded a south-bound Clark street electric car at Monroe street, paid his fare as a passenger and stood near the motor-man on the front platform of the car. The car proceeded south in Clark street to a point about 200 feet north of Polk street. At that time there was a wagon about seventy-five feet in advance of the car and the motorman rang the gong as a warning to the driver of the wagon of the car's approach, at the same time throwing off the power. The wagon pulled clear of the track and the motorman thereupon threw on the power full force and immediately thereafter a fuse on the car exploded or blew out. The explosion or blowing out of the fuse was accompanied by considerable noise and was followed by flame and smoke which seemed to come into the front platform of the car. Enright, who up to that time, was on the front platform of the car, followed the example of others on the front platform and crowded into the car. From that point on, Enright's recollection of what occurred is blank until he found himself in the ambulance in which he was being taken home. But what did occur, according to the undisputed testimony, was this: Enright rushed through the front door into the car, threw a little boy, who was looking out of the window, off the seat to the floor, and crawled through the window into the window of a north-bound car which was passing. It is undisputed that both cars were in motion while Enright was going from the south-bound and entering into the north-bound car. In making this hasty change from the south-bound to the north-bound car, Enright sustained bruises and contusions on various parts of his body and limbs and a fracture of the right arm at

Enright v. Chicago City Ry. Co., 165 Ill. App. 163.

the elbow joint which has resulted in weakening and disabling the right arm and causing permanent stiffness of the elbow joint. The case was submitted to a jury, and the trial resulted in a verdict of not guilty, upon which verdict judgment was entered; and the plaintiff prosecutes this appeal from the judgment and seeks a reversal upon the sole ground that the court erred in giving to the jury certain instructions asked by the defendant.

GEORGE E. GORMAN, for appellant.

JOHN E. KEHOE and WATSON J. FERRY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court. The declaration contains five counts. The first alleges that appellee neglected its duty as a carrier of passengers and permitted the machinery, appliances and electric devices used by it in the management and operation of the car to be and remain old, worn out and insufficient for the uses to which they were put, and that by reason thereof certain of the electric devices or appliances blew out and exploded while the car was in motion. The negligence averred in the second count is that a fuse of a south-bound car burned out and exploded setting fire to portions of the car, and that appellee negligently operated a north-bound car close to the south-bound car and beyond it while passengers from the south-bound car were scrambling to get out of the same. The third count avers that appellee permitted the wires, circuits and appliances of the car to become charged with electricity beyond their capacity to retain the electrical current causing a fuse to explode. The fourth count alleges generally that appellee was guilty of negligence in the management and operation of its power house, by means of which a greater volume of electricity than the wires in the car were designed to carry was transmitted to the car on which plaintiff was a passenger, resulting in the

blowing out of the fuse. The fifth count alleges that the servant of the defendant so managed and operated the car as to permit a large volume of electricity to be suddenly and violently thrown upon the machinery of the car thereby causing an explosion of the fuse. All of the counts set up the relation of carrier and passenger and injuries as the result of the explosion of the fuse. The second and fifth counts also aver that the plaintiff, by reason of the fright and confusion resulting from the blowing out of the fuse, and the fire, smoke and panic among the passengers, was rendered incapable of exercising reasonable care.

Appellee pleaded the general issue.

Appellant contends that the doctrine of *res ipsa loquitur* is applicable to the case, and that the court erred in giving to the jury at the request of the defendant, appellee, instructions which ignore that doctrine.

From the statement given above of the negligence averred in the several counts of the declaration it appears that a specific act of negligence is averred in each count. It is clear therefore that the action was not founded upon the theory of presumptive negligence. The record shows that the case was not tried and submitted to the jury on that theory. On the contrary, instead of contenting himself with proof that appellant was a passenger on one of appellee's cars, had paid his fare, was in the exercise of ordinary care for his own safety, and that while he was a passenger and so acting, he was injured, under circumstances showing negligence, he attempted to prove the specific acts of negligence alleged in the declaration. Hence an instruction based on the theory of presumptive negligence would seem to have no application to the case made by the pleadings and proofs, and should not have been given. Barnes v. Danville St. Ry. Co., 235 Ill. 566, 575. In West Chicago St. R. R. Co. v. Martin, 154 Ill. 523, a similar situation as to averments and proof was presented, and an instruction on the theory of presumptive negligence was given. It was held the

instruction should not have been given because it was not applicable to the case.

Appellant points to the third and fifteenth instructions as ignoring the doctrine of presumptive negligence and therefore erroneous. The third instruction is as follows:

"3. The court instructs the jury that the plaintiff in this case has filed a declaration consisting of a number of counts, in each of which it is charged in some form that the defendant street railway company was guilty of negligence either in the management and operation or in the equipment of its cars, or in the operation of its power plant and street car business.

"This is a necessary allegation of said declaration. The suit of the plaintiff is based upon the allegation that the defendant street railway company was guilty of negligence in some form which caused or proximately contributed to cause the injury in question.

"If, after fairly considering all the evidence in the case, the jury believe from a fair consideration of such evidence that the blowing out of the fuse in question was a pure accident which happened without any negligence on the part of the street car company or any of its employes, then under the law the plaintiff is not entitled to recover and you should find the defendant not guilty."

The instruction is criticised on the ground that it casts upon the plaintiff the burden of proving negligence as charged in the declaration; that the jury under the instruction might believe that appellee was not negligent because of the blowing out of the fuse, but that if they knew the blowing out of the fuse raised a presumption of negligence, and that in determining the question of such negligence they had a right to weigh that presumption with all the other evidence in the case they might have reached a different conclusion. A second criticism is made that the instruction not only disregards the right of the jury to weigh the presumption raised against appellee by the explosion of the fuse, but they were directed to disregard any such

presumption, or rather, that no such presumption existed, and that the burden was on appellant to establish the negligence charged in the declaration.

We do not regard either of these criticisms as well grounded for the reason above given, that the action was neither founded by the negligence charged in the declaration, nor was it tried and submitted by appellant to the jury upon the theory of presumptive negligence.

It is urged that this instruction undertakes to explain to the jury the charges of negligence in the declaration, but does not explain and make clear to the jury the various acts of negligence charged, while at the same time it misrepresents the charges of negligence and is misleading. We do not think the instruction is obnoxious to this criticism. The instruction criticised in Hirsch & Sons Iron & Rail Co. v. Coleman, 227 Ill. 149, attempted to recite the allegations of the declaration and did not do so correctly. The instruction under review makes no such attempt. It simply says that in each count it is charged in some form that the defendant street railway company was guilty of negligence, either in the management and operation or in the equipment of its cars, or in the operation of its power plant and street car business. It further told the jury that the suit of the plaintiff is based upon the allegation that the defendant was guilty of negligence in some form which caused or approximately contributed to cause the injury in question. The attention of the jury is thus directed to the charges of negligence in the declaration in a general way, and does this correctly. We find nothing misleading in the instruction.

The fifteenth instruction is as follows:

"15. It is not every accident that makes a railroad company liable for damages to a person injured on one of its cars. If the accident is unavoidable in so far as the defendant is concerned, then no liability attaches. The plaintiff has charged in his declaration in this case that the accident happened through the negligence of the defendant Company in the management and opera-

tion of its street car business.   This is a material al-
legation of the declaration, and if from a considera-
tion of all the evidence bearing upon the question of
liability in this case you believe that the accident hap-
pened, not through the negligence of the defendant as
so charged in the declaration, or either of the counts
thereof, but that it happened through other causes and
without negligence in that regard on behalf of the de-
fendant or its servants, then no liability is incurred,
and it is the duty of the jury to return a verdict of not
guilty.''

It is claimed that this instruction is vulnerable to
the same objections made to instruction three, which
we think have been sufficiently answered, and the an-
swer need not be repeated.   As to the objection to the
instruction that it ignored the doctrine of presumptive
negligence applicable to the case because of the blow-
ing out of the fuse, there was evidence given by the
motorman and shop foreman of appellee, which showed
that the accident happened through no negligence of
appellee as charged in the declaration or either of its
counts, but that it was the result of an accident beyond
the power of appellee to foresee or guard against by
the exercise of the high degree of care required of a
carrier for a passenger.   This instruction is based on
the theory of appellee advanced and supported by this
evidence, namely, that if the jury should find by a pre-
ponderance of the evidence that the accident happened
through other causes, and without negligence in that
regard on behalf of appellee, or its servants, then no
liability existed.   If the case had been declared on in
the declaration and tried and submitted on the prin-
ciple of *res ipsa loquitur,* and an instruction asked by
appellant and given by the court applying that· doc-
trine, still, the evidence offered by appellee was suf-
ficient to rebut the presumption of negligence, for that
presumption, not being of the conclusive class, readily
yields to evidence even though it be slight.   Garner v.
Chicago Consolidated Traction Co., 150 Ill. App. 149.
We cannot hold that appellant is justified in complain-

ing that the instructions asked by appellee did not submit the case to the jury on the theory of presumptive negligence, although he made no request for an instruction on that theory.

It is urged that instruction numbered four, given at the request of appellee, is in conflict with the second instruction given at the request of appellant. We are unable to see any conflict in these instructions. C. U. T. Co. v. Chugren, 209 Ill. 429; South Chicago City Ry. Co. v. Kinnare, 216 *id*. 451; Dickson v. Swift Co., 238 *id*. 62. Nor do we think the instruction was misleading in this case. '

Instructions requested by appellee and given, numbered respectively 7th, 13th, 15th, 16th and 17th, are objected to because they are repetitions. We do not agree with this contention. We are not of the opinion that the judgment should be reversed on that ground.

We think the verdict and judgment are right and free from reversible error, and the judgment is affirmed.

*Affirmed.*