Acts requires a reversal of the judgment. Plaintiff's contributory negligence, if any, was a matter for the jury. Under the Acts last mentioned it cannot be asserted as a defense or in mitigation of damages. It must be considered in reduction of damages under the Federal Employers' Liability Act. The damages awarded are large and it may be that the jury, relying on the instructions relating to the Safety Appliance and the Boiler Inspection Acts, failed to consider the question of contributory negligence in making the award.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

TUOHY, P. J., and FEINBERG, J., concur.

Patricia A. Ryan, Infant, by Roland J. Ryan, Next Friend, and Betty J. Leadley, Appellants, v. Dale Rist, Appellee.

Gen. No. 10,352.

Brian & Wilson and Black, Black & Borden, for appellants; Heyl, Royster & Voelker and Eugene H. Rennick, Jr., for appellee; Clarence W. Heyl, of counsel. Opinion by JUSTICE DOVE. Not to be published in full. Opinion filed July 7, 1949; rehearing denied December 7, 1949; released for publication December 12, 1949.

## Earl Sanford, Appellant, v. C. W. Bailey, J. Wilder Smith, and Herron State Bank, Appellees.

### Gen. No. 10,304.

D. T. Smiley, for appellant; Don A. Wicks and Charles P. Barnes, for appellees. Opinion by JUSTICE BRISTOW. Not to be published in full. Opinion filed September 29, 1949; rehearing denied December 7, 1949; released for publication December 12, 1949.