Oma C. Hurley, Executor of the Last Will and Testament of G. H. Andersen, Plaintiff-Appellant, v. Burt Tipton, Defendant-Appellee.

Gen. No. 11,867.

Third District.

February 17, 1964.

R. K. Rainey, of Princeton, for appellant.

Leo J. Schwamberger, of La Salle and John C. Hedrich, of Princeton, for appellee.

SCHEINEMAN, J.

The plaintiff filed this suit for the alleged wrongful death of his testator. The jury returned a verdict of not guilty, and this appeal is from the judgment thereon.

It is contended for plaintiff that the verdict is contrary to the manifest weight of the evidence, and

that the court erred in allowing a special interrogatory as to contributory negligence of the plaintiff.

There was no eyewitness to the collision except the defendant, and he was incompetent under Sec 2 of the Evidence Act. Persons who arrived on the scene afterwards told of the conditions of the road, weather, position of cars, debris, and so forth.

The collision occurred about 1:15 p. m. in late February, on a north-south road south of Walnut in Bureau County. It was rainy and foggy, with the fog lifting and falling, so that the exact condition at the moment of the collision is doubtful.

The deceased had been having some mechanical trouble with his car, which was a small foreign make known as a Volvo. It had not been fixed at the time of this trip, and from conditions as they were found shortly thereafter, it is apparent that deceased had stopped on the pavement headed south, raised the hood, and was working at the motor. Air filters had been removed, and one spark plug was disconnected.

The defendant, also going south, came upon the Volvo at or near the crest of a hill. The Volvo was on the downhill side of this crest but very close to the top. Tire marks indicated that the defendant had applied his brake and swerved left, but the right front of his car struck the left rear of the Volvo knocking it off the pavement, and the deceased was found about in the middle of the pavement, some 18 feet south of the point of impact. Debris indicated the impact had occurred about 3 or 4 feet west of the center of the pavement.

There was testimony to the effect that the west shoulder was wide enough to have parked the Volvo. Some witnesses described the shoulder as sod; others spoke of it as muddy but with no water running. Photographs of the scene, introduced by plaintiff,

show considerable growth on the shoulder, undoubtedly brown in midwinter.

Testimony was admitted as to habits of due care of the deceased. The argument for plaintiff is based on this evidence, and it is asserted that this made a prima facie case that the deceased was free from contributory negligence at the time of the collision, and also that there was no evidence to the contrary, therefore, the jury was bound by it, and the court should not have given the special interrogatory.

■ This argument cannot be sustained. The rule formulated long ago by the Supreme Court and legally followed in many cases is as follows:

"Where there is no eyewitness to the killing of a person, his administrator may establish the exercise of ordinary care on the part of the deceased by the highest proof of which the case is capable, including the habits of deceased and any other facts and circumstances from which the jury might rightfully find that he was exercising such care." Stollery v. Cicero & P. St. Ry. Co., 243 Ill 290, 90 NE 709.

In Walters v. Ind, 319 Ill App 162, 48 NE2d 791, where there was no eyewitness, it was held that evidence of careful driving habits of the decedent was sufficient to take the case to the jury to be considered by them, "together with the other evidence and circumstances in the case, it was for them to decide whether the plaintiff had proved due care and caution on the part of plaintiff's intestate just before and at the time of the accident in question."

■ There being evidence as to circumstances and conditions at the time and place of the collision and prior thereto, the jury was entitled to weigh and consider them, and the court could not take the case from the jury. As long as a question remains whether either party has performed his legal duty or has ob-

served that degree of care and caution imposed upon him by the law, and the determination involves the weighing and consideration of evidence, the question must be submitted as one of fact. Cloudman v. Beffa, 7 Ill App2d 276, 129 NE2d 286. The plaintiff must sustain his burden of proving due care and caution on his part. That is a question pre-eminently for the jury. Lowe v. Gray, 39 Ill App2d 345, 188 NE2d 890; Conner v. McGrew, 32 Ill App2d 214, 177 NE2d 417; Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164.

There are a number of circumstances and conditions in the evidence which could be considered by the jury on the question of due care. Going out on the highway with a vehicle known to be in defective condition is a circumstance that may be considered by the jury on the question of the driver's reasonable care. Ryan v. Rist, 339 Ill App 140, 88 NE2d 896.

Plaintiff argues, the time of the collision being midday, the exercise of ordinary care did not require deceased to turn on lights. This cannot be stated as a rule of law. It is a matter for the jury to pass on when weather conditions adversely affect visibility. The jury could deem it a lack of reasonable care when there is a failure to take any precautions under the conditions as they believe them to be, especially with a car stopped on the paved portion of the highway. The jury heard two witnesses testify they used their lights while driving towards the scene, because of the conditions.

By the time some of the witnesses arrived at the scene, the fog had lifted, but the first man to go to the aid of the injured testified he could not see anything about the accident until he got fairly close, although he declined to estimate the distance. If the jury accepted his testimony in finding the nature of conditions, this would have a bearing upon whether there was such a dangerous condition that the deceased

130

was required to take some action to avoid a collision, including the possibility of pushing the car onto the shoulder and to weigh all of these facts together with the testimony of habits.

The case presented a jury question, and the special interrogatory was proper on the subject of deceased's actions. The answer to the interrogatory was consistent with the general verdict, and the court did not err in entering judgment accordingly. The judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and ROETH, J., concur.