PERCY MARTIN, Plaintiff-Appellant, *v.* THE HERTZ CORPORATION, Defendant-Appellee.

First District (5th Division)    No. 81-147

Opinion filed February 26, 1982.—Rehearing denied March 26, 1982.

Robert E. Cleveland, of Chicago, for appellant.

Kiesler & Berman, of Chicago (Stephen B. Frew, of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought a single-count negligence action against defendant. The court granted defendant's motion for summary judgment finding plaintiff guilty of contributory negligence as a matter of law. Plaintiff appeals.

The determinative issue raised on appeal is whether the trial court erred in granting defendant's motion for summary judgment on the basis that plaintiff was contributorily negligent as a matter of law.

Plaintiff filed a complaint naming as defendants The Hertz Corporation (Hertz) and U.S. Steel Supply Division. The complaint alleged in pertinent part that on February 2, 1977, plaintiff, an employee of Industrial Personnel Corporation, was driving a truck on Temporary I-55 in Livingston County, Illinois; that U.S. Steel Supply Division had leased the truck from its owner, Hertz; that it was Hertz' duty to maintain the truck, including its tires; that defendants had a duty to use reasonable care so as not to injure the plaintiff, including the duty to use reasonable care to maintain the tires on the truck plaintiff was operating; that notwithstanding their duties, the defendants carelessly and negligently maintained the truck and tires, ignored warnings about the truck and tires, and put dangerous tires on the truck. The complaint further alleged that as a direct and proximate result the truck in which plaintiff was driving slid off the roadway and jackknifed, causing plaintiff serious, permanent internal and external injuries and other damages. Plaintiff also alleged that at all times he exercised due care and caution for his own safety. Plaintiff prayed judgment against defendants for a sum in excess of $15,000 and demanded a jury.

Defendants filed an answer denying that plaintiff was an employee of Industrial Personnel Corporation and averring that he was a loaned employee to U.S. Steel Supply Division; denying the alleged date of the lease of the truck by U.S. Steel Supply Division from Hertz, and further averring that Hertz was only the owner of the tractor and not the trailer involved; denying plaintiff's allegations as to the duty owed him by defendants as conclusory and denying defendants were guilty of any wrongful conduct; denying that plaintiff was in the exercise of due care for his safety and free from contributory negligence; denying plaintiff's allegation as conclusory that defendants had a duty to use reasonable care so as not to injure plaintiff; denying committing the alleged acts of negligence; and finally denying that plaintiff was injured. Thus, defendants denied each of the allegations of plaintiff's complaint. Subsequently plaintiff moved to nonsuit U.S. Steel Supply Division. The motion was granted, and U.S. Steel Supply Division was dismissed as a party defendant.

On August 8, 1980, following discovery but prior to any trial on the merits, Hertz moved for summary judgment on the basis that plaintiff was contributorily negligent as a matter of law because (1) it was impossible to have a one-vehicle accident without negligence on the part of the driver, (2) even assuming the tires were defective, plaintiff knew of the defect and continued to drive the truck on an icy and snowy highway. The motion further stated that the tires were examined after the accident

occurred and were found to be in compliance with Department of Transportation specifications and that the left front tire had been replaced shortly before the accident. Hertz prayed that as there was no issue of material fact, summary judgment be entered in defendant's favor. Attached to defendant's motion was an excerpt from plaintiff's deposition. Plaintiff testified in the deposition that he had inspected the truck daily, that he had reported daily for the two prior months that the tires, particularly the front tires, were worn and threadless; that one of the tires had been changed before the accident; that plaintiff was driving 35 m.p.h. on the day of the accident because the roads were slippery and wet. Based on plaintiff's knowledge of the allegedly worn condition of the tires, the court found plaintiff guilty of negligence as a matter of law and granted defendant's motion for summary judgment. Plaintiff appeals.

OPINION

Summary judgment will be granted if the pleadings, depositions, admissions, exhibits and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) However, summary judgment should not be entered even if there is no dispute in the evidence, if reasonable persons could draw different conclusions from the undisputed evidence. *Borus v. Yellow Cab Co.* (1977), 52 Ill. App. 3d 194, 367 N.E.2d 277.

■█ Plaintiff asserts that the facts recited in the order and relied on by the court were insufficient to support a finding of contributory negligence, especially as the court failed to consider plaintiff's age, experience and mental capacity or his state of mind at the time of the accident, citing *Porter v. County of Cook* (1976), 42 Ill. App. 3d 287, 355 N.E.2d 561. There the court affirmed the judgment of the trial court against Cook County in favor of a mental patient who was seriously burned while confined in the Cook County House of Corrections. The court stated that in considering whether a plaintiff has exercised due care for his safety, the trier of fact must take into account the age, experience and mental capacity of the injured party at the time of the injury. However, plaintiff's argument implicitly misstates the standard by which his conduct is to be measured. The standard by which conduct for which the plaintiff is responsible is measured, is the conduct of an ordinary prudent person under the same or similar circumstances—the test to be applied is what would a man of ordinary prudence have done or omitted to do in a given state of circumstances. (*Chicago Union Traction Co. v. Chugren* (1904), 209 Ill. 429, 70 N.E. 573; *Roth v. Meeker* (1979), 72 Ill. App. 3d 66, 389 N.E.2d 1248.) Although a person should not be held responsible for acts or omissions with respect to his own care and safety which are due to his lack of capacity to appreciate or avoid danger (*Borus v. Yellow Cab Co.* (1977),

52 Ill. App. 3d 194, 367 N.E.2d 277), every person having the capacity to exercise ordinary or reasonable care for his own safety and protection against injury is required to do so. There is nothing in the record to indicate, nor does plaintiff argue that he suffers from any incapacity such as found in *Porter*, which would require the application of a different standard to his behavior than that of the ordinary, reasonably prudent person. Nor is there anything in the record to indicate that the court held plaintiff accountable to any standard other than that of a reasonably prudent person.

Plaintiff next asserts that whether he was contributorily negligent was a question of fact for the jury and not a question of law. The general rule is that negligence and contributory negligence are questions of fact for the jury, so long as a question remains as to whether either party has performed his legal duty or has observed that degree of care imposed upon him by law, and the determination of that question involves weighing and considering the evidence. (*Piper v. Lamb* (1960), 27 Ill. App. 2d 99, 169 N.E.2d 164.) Even where the facts are admitted or undisputed but where a difference of opinion as to the inferences that may legitimately be drawn from them exists, the questions of negligence and contributory negligence ought to be submitted to the jury. (*Hitt v. Langel* (1968), 93 Ill. App. 2d 386, 236 N.E.2d 118.) Contributory negligence is the failure to exercise ordinary care and ordinary care is that care which a reasonably prudent person would take to avoid the injury under the circumstances. (*Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124.) To be guilty of contributory negligence as a matter of law, it must appear from the undisputed facts that all reasonable minds, exercising fair judgment, would find that there has been contributory negligence. *Fishel v. Givens* (1977), 47 Ill. App. 3d 512, 362 N.E.2d 97.

Defendant asserted plaintiff's knowledge that the tires were worn before he drove the truck on slippery pavement as the basis for its summary judgment motion. In support of its motion defendant attached excerpts from plaintiff's deposition. A summary judgment motion may be supported by a deposition alone. (*Gagliardo v. Vodica* (1978), 58 Ill. App. 3d 1053, 374 N.E.2d 1302.) Plaintiff's deposition indicated that he had inspected the truck daily before the accident and had reported prior to the accident that the tires were worn with no treads. Plaintiff had not measured the tires but had reached his conclusion through visual inspection only. He had complained about their condition for two months prior to the accident. One tire, unidentified, had been changed before the accident. At the time of the accident plaintiff was driving 35 m.p.h. although the speed limit on Temporary I-55 was 55 m.p.h. Plaintiff described the pavement as wet because it was lightly snowing and the visibility at the time of the accident as clear and very good. Plaintiff said in his deposition he was driving down the road, hit a bump and lost

control of the truck. Plaintiff had not seen the bump before he hit it. Plaintiff stated he had been worried about the tires before the accident occurred and was driving more carefully because of them. Plaintiff also stated he had never lost control of the truck before.

Defendant concedes that its motion for summary judgment did not argue that plaintiff was contributorily negligent but rather that plaintiff had assumed the risk of driving with tires he knew were worn. Apparently recognizing that in Illinois the doctrine of assumption of risk in negligence actions has been confined to situations involving persons who have a contractual or employment relationship with the defendant (*Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281), relationships not asserted by defendant here, defendant contends that the trial court's order shows that the court based its ruling on the doctrine of contributory negligence. The substance of defendant's argument is that it was negligence *per se* for plaintiff to drive the truck on slippery pavement with the knowledge that the tires were worn. Neither plaintiff nor defendant cite authority directly on point. Defendant cites *Fore v. Vermeer Manufacturing Co.* (1972), 7 Ill. App. 3d 346, 287 N.E.2d 526, in support. There the court held that the plaintiff was contributorily negligent as a matter of law because he knew that the trencher he was operating had faulty brakes, that the brakes would not hold on a hill and in fact had experienced such a failure on previous occasions. The *Fore* court's contributory negligence analysis was predicated on the idea that "[i]t is incompatible with the exercise of due care for one's own safety * * * voluntarily to expose one's self to danger of which one is aware for the reason that ordinarily prudent persons do not knowingly place themselves in position of peril or danger." (7 Ill. App. 3d 346, 349, 287 N.E.2d 526, 528.) Here plaintiff only knew that the tires were worn; there is nothing in his deposition to indicate that they had caused the truck to skid on any previous occasion, especially in lightly snowing weather conditions. Thus, the *Fore* "contributory negligence" analysis is inapplicable here.

While neither defendant nor plaintiff cite any case precisely on point, research has shown that according to the weight of authority driving with the knowledge that tires are worn does not in and of itself constitute negligence *per se*. (12 Negl. & Comp. Cas. Ann. (n.s.)1 (1943); 13 Negl. & Comp. Cas. Ann. 3d 323 (1959), and collected cases cited therein.) In Illinois going out on a highway with a motor vehicle known to be in a defective condition is a circumstance which may be considered by the jury on the question of the motorist's reasonable care. (*Hurley v. Tipton* (1964), 46 Ill. App. 2d 127, 196 N.E.2d 399.) Further, mere knowledge of defective conditions in nonautomobile cases does not constitute contributory negligence as a matter of law. Thus, the supreme court in *Swenson v. City of Rockford* (1956), 9 Ill. 2d 122, 136 N.E.2d 777, affirmed a plain-

tiff's recovery for injuries sustained when she fell on a defective sidewalk, even though she had knowledge of the defect. The court said:

> "The use of a defective sidewalk by a person who has knowledge of the defect is not contributory negligence *per se*, and if, while walking upon that sidewalk, such person is in the exercise of ordinary care for his or her safety, there may be a recovery in case of an injury." 9 Ill. 2d 122, 127, 136 N.E.2d 777, 779.

■■■ The standard for deciding whether contributory negligence is to be considered a matter of law is the same as the standard for determining the correctness of a directed verdict or a judgment *n.o.v.* (*Rhoades v. W.E. O'Neil Construction Co.* (1980), 80 Ill. App. 3d 1117, 400 N.E.2d 1035.) That standard was enunciated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513, as whether "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." Considering the evidence here in the light most favorable to plaintiff, it would not seem that all reasonable minds would agree that plaintiff had been contributorily negligent by driving the truck on slippery pavement. He had driven it for two months without incident. One tire had been replaced. Although he thought the tires worn by visual inspection, the tread wear had not been measured by him. Furthermore, when faced with slightly inclement weather conditions, he reduced his speed significantly. Because reasonable minds might differ as to the inferences and conclusions drawn from the facts of this case summary judgment was improperly granted, necessitating reversal of the trial court's judgment and remandment for retrial.

■■ Finally, we note that with the recent decision of *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, the common-law doctrine of contributory negligence has been abolished in negligence cases in Illinois and has been replaced by the doctrine of comparative negligence. The *Alvis* opinion is not applicable "to any case in which trial commenced before [June 8, 1981]—except that if any judgment be reversed on appeal for other reasons, [*Alvis*] shall be applicable to any retrial." (85 Ill. 2d 1, 28.) That stated exception to the nonapplicability of *Alvis* is present here. Therefore, the holding in *Alvis* will be applicable to the retrial of this case upon remandment.

For the reasons cited herein, the judgment of the trial court is reversed and the case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.