PATRICIA HINTHORN, Plaintiff-Appellant, v. ROLAND'S OF BLOOM-INGTON, INC., Defendant-Appellee.

Fourth District    No. 4—86—0461

Opinion filed January 29, 1987.

Law Offices of Strodel, Kingery & Durree, of Peoria (James R. Carter, of counsel), for appellant.

Donald W. Wilcox, Jr., of Thomson, Weintraub & Thompson, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

This case concerns the sufficiency of a complaint to state a cause of action for the tort of retaliatory discharge first recognized in this State in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. The essential requirements for that tort were later described as being "that [an] employer discharge [an] employee in retaliation for the employee's activities, and that the discharge [was] in contravention of a clearly mandated public policy." (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876, 881.) Here, the dispute between the parties arises because (1) rather than stating that defendant, Roland's of Bloomington, discharged plaintiff, Patricia Hinthorn, the complaint alleges that plaintiff resigned after defendant's vice-president inferred that plaintiff would be discharged if she did not do so, and (2) plaintiff's employment was alleged to have terminated before she had filed any claim for workers' compensation benefits or threatened to do so.

The complaint was filed in the circuit court of McLean County on September 6, 1985. Subsequently, plaintiff filed amended and second amended complaints on September 23, 1985, and March 6, 1986, respectively. Following a hearing on the latter complaint, it was dismissed with prejudice on June 5, 1986, for failure to state a cause of action. Plaintiff has appealed.

The second amended complaint alleged: (1) on February 8, 1985, while in defendant's employment, plaintiff received a back injury which arose out of and in the course of that employment; (2) during the previous 12-month period, she had two other injuries which arose out of and in the course of her employment and for which she made a claim for medical bills; (3) on February 11, 1985, plaintiff reported her injury to her supervisor and sought medical attention; (4) she later met with a vice-president of defendant and stated she was in pain and needed medical attention; (5) the vice-president told her "you have been getting hurt too much" and then said that if she signed a certain resignation form she would be in a position of having left of her own will; (6) the vice-president directed her to sign the form; (7) she signed the form not fully understanding its meaning but understanding that if she did not sign, she would be fired; (8) defendant knew plaintiff was entitled to medical care for her injuries and recognized that she could file a workers' compensation claim; (9) defendant acted with the "intent to inhibit and interfere with plaintiff in the exercise of her rights under the Illinois Workers' Compensation Act" (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*); (10) the termination of plaintiff's employment was "a retaliatory act to so interfere with plaintiff's ex-

ercise of her rights under the" Act; and (11) as a result of defendant's conduct as described, plaintiff lost income and wages.

In dismissing the complaint, the circuit court relied heavily upon the decision of this court in *Scheller v. Health Care Service Corp.* (1985), 138 Ill. App. 3d 219, 485 N.E.2d 26, where the sufficiency of a complaint to allege a retaliatory discharge was also in issue. There, as here, the plaintiff was alleged to have resigned rather than to have been discharged. There, the allegation was that the employer's agent had intentionally made work so miserable and unhealthy for the employee that she resigned. That plaintiff had characterized her termination of employment as a constructive discharge and had cited the case of *Beye v. Bureau of National Affairs* (1984), 59 Md. App. 642, 477 A.2d 1197, where a termination similarly arising from a resignation by an employee after the employer had purposely made employment miserable for the employee had been deemed to be actionable as a constructive discharge. This court rejected that theory concluding that to do otherwise would be contrary to the recently stated policy in *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354, of not expanding further the retaliatory-discharge concept.

The *Scheller* opinion indicated that the plaintiff there was alleged to have voluntarily terminated her employment. (*Scheller v. Health Care Service Corp.* (1985), 138 Ill. App. 3d 219, 223, 485 N.E.2d 26, 28.) In determining that the retaliatory-discharge doctrine should not cover such a situation, the court stated that "constructive discharge is not an actionable concept" in regard to retaliatory discharge. (138 Ill. App. 3d 219, 225, 485 N.E.2d 26, 30.) The circuit court here deemed the initial complaint to be based on the rejected constructive-discharge concept and dismissed the complaint accordingly. In doing so, the circuit court was properly following the language of *Scheller*.

The resignation alleged here does differ from that in *Scheller* in that it is alleged to have been involuntary. If an employer can obtain resignations from weaker willed and less sophisticated employees in order to retaliate against them for exercise of rights involving a public policy by threatening discharge, even by implication, the remedy promulgated by the retaliatory-discharge doctrine can be significantly impaired. The same concern is somewhat applicable to a resignation obtained by harassment as in *Scheller*, but substantial differences exist. When the resignation is motivated by harassment, the situation is more complex with less certainties of proof, and the conduct of the employer is more attenuated from the resignation than, as here, where the employer is alleged to have told the employee to resign. The danger of an employer undertaking a course of harassment to re-

taliate against an employee is much less than merely demanding the resignation. On the other hand, the danger to the employer of false claims is much less when the discharge element of the tort is based on a demand for resignation by the employer than when it is based on harassment.

We stand by the court's holding in *Scheller* that the discharge element of the tort was not properly stated there. However, we conclude that the language of that opinion was overly broad if it prevented the discharge element of the tort from arising under circumstances where an employee is forced to resign under express or implied threat of discharge. We hold that the instant second amended complaint sufficiently alleged that plaintiff was discharged within the retaliatory-discharge concept. To the extent that *Scheller* holds to the contrary, it is overruled.

As we have indicated, the tort sought to be alleged here involves not only the discharge of an employee, but also a retaliatory motive on the part of the employer. The second amended complaint alleged that the defendant's conduct was retaliatory in nature but did not set forth the conduct on the part of plaintiff for which defendant sought retaliation. The complaint did not state that plaintiff had filed a claim for workers' compensation benefits or that she had threatened to do so. However, the complaint did state that plaintiff had requested medical attention for her latest injury. By the facts alleged, plaintiff had a right under the Workers' Compensation Act (Act) to receive the medical attention she sought. (Ill. Rev. Stat. 1985, ch. 48, par. 138.8.) If she were forced to resign in retaliation for seeking this medical attention, defendant would be liable for a retaliatory discharge. If she were forced to resign only because she was accident-prone, conduct interfering with the work of the company, the defendant would not be liable for retaliatory discharge.

The second amended complaint emphasizes that defendant sought to interfere with plaintiff's exercise of her rights under the Act. However, discharging her would not prevent plaintiff from receiving any benefits to which she would be entitled if she remained in employment. The situation alleged here is different than if defendant had attempted to force plaintiff to forego benefits by indicating to her that her termination depended upon whether she sought benefits under the Act. The allegations here would permit recovery only if plaintiff proved that defendant coerced her into resigning in retaliation for her request for medical benefits.

Thus, we hold that the second amended complaint in the present form is barely sufficient to state a cause of action and should be per-

mitted to stand. We recognize that the trial court properly followed the purport of *Scheller* in dismissing the complaint, but we now narrow the scope of the holding in that case. Accordingly, we reverse the judgment of dismissal and remand the case to the circuit court of McLean County for further proceedings.

Reversed and remanded.

SPITZ, P.J., and LUND, J., concur.