SYLVIA DANIEL, Plaintiff-Appellant, v. THE VILLAGE OF HOFFMAN
ESTATES *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—2438

Opinion filed December 30, 1987.

J. Peter Dowd and Deborah Nutley, both of Dowd & Resnick, of Chicago, for appellant.

Thomas J. Platt, of Kurnick, Cipolla, Stephenson, Barasha & O'Dell, Ltd., of Arlington Heights, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Sylvia Daniel, after leaving her position as administrative secretary for the Village of Hoffman Estates Fire Department, filed a complaint against the village and two village officials seeking both relief under a Federal statute for violation of her constitutional rights and common law relief for retaliatory discharge. The trial court entered summary judgment for the defendant employers on all counts; plaintiff appeals.

Defendants had sought discharge of a fire department lieutenant from his civil service appointment. At issue in that proceeding was the lieutenant's alleged failure to have department equipment tested; he claimed that the required tests had been performed and that the department had the bill for the tests which would prove his claim. The board of fire and police commissioners, which conducted the proceeding, ordered the department to comply with the lieutenant's requests for information. As administrative secretary, plaintiff handled bills, records and correspondence of the department. The department's assistant chief, Richard Cordova, told plaintiff and a co-worker, Sandra Humpfer, to give the lieutenant any item he requested and to give a copy of any such item to Cordova.

Two months later, after defendants had reported to the board of commissioners that no record of the equipment test existed, the lieutenant called plaintiff and asked if she could locate the bill. Plaintiff, on vacation at the time, called the village finance department and was informed that the bill was there. She asked that department to send the bill to the fire department and told the lieutenant that the bill was being forwarded. She then called Sandra Humpfer and told her to

give a copy of the bill to Cordova when it arrived. The lieutenant informed his attorney that that bill had been located, the attorney asked village officials to produce the bill, the bill was produced at a subsequent commission hearing, and the allegation against the lieutenant was dropped.

On December 15, 1981, the day after the final commission hearing, Cordova asked plaintiff to resign. She tendered her resignation the next day.

Plaintiff's complaint was based in part on a Federal statute which creates a cause of action against any person who under color of State law deprives another of a constitutional right. (41 U.S.C. §1983 (1982).) She contends that her firing was an infringement of her first amendment rights of free speech and free association.

■ The trial court recorded no explanation for its grant of summary judgment for defendants on the constitutional claim. The parties agree that plaintiff, to receive full first amendment protection for her speech, must have both addressed a matter of concern to the public and done so for reasons related to the public's interest, not her own. (See *Connick v. Myers* (1983), 461 U.S. 138, 146-48, 75 L. Ed. 2d 708, 719-21, 103 S. Ct. 1684, 1689-91.) Defendants allege that plaintiff's speech was motivated by her friendship with the lieutenant, not an intent to address a public issue, and is thus unprotected. The record before us does not offer support for this allegation. Summary judgment is appropriate only when the record indicates that no significant issue of material fact exists and that the movant is entitled to judgment as a matter of law. (*Martin v. Hertz Corp.* (1982), 104 Ill. App. 3d 592, 432 N.E.2d 1262.) Because plaintiff's intent is both material to her claim and in dispute, we hold that neither prerequisite for a summary judgment motion has been established in the instant case and that the issue should have been resolved by a jury.

■ The trial court also granted defendants' motion for summary judgment on plaintiff's retaliatory discharge claim. An employer commits the tort of retaliatory discharge when he terminates an employee for the exercise of a right or compliance with a duty protected by public policy. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876.) Defendants' initial argument in support of the trial court's action is that plaintiff's dismissal did not violate a clear public policy. We disagree. "[P]ublic policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." (*Palmateer*, 85 Ill. 2d at 130.) The Illinois legislature grants the board of fire and police commissioners the

power to subpoena witnesses and documents. (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17.) That grant is an obvious expression of a public policy favoring thorough investigation of police and fire department affairs and citizen compliance with such investigations. Plaintiff claims that she was fired for complying with an order from the board to the department to produce any documents relevant to the dismissal proceeding. We believe that this claim does allege a violation of public policy that would support an action for retaliatory discharge. Defendants also claim that plaintiff was dismissed not for revealing the existence of the bill, but for failing to make sure that her supervisor received a copy. Plaintiff answers that she took the steps which should have ensured delivery of the bill to Cordova and that none of the other employees potentially responsible for the alleged nondelivery of the bill were similarly treated. We view this dispute as still another material factual issue whose resolution is not evident from the record and therefore should be decided by a jury rather than a summary judgment motion.

■ The next argument offered in support of the grant of defendants' motion on the retaliatory discharge claim is that plaintiff, rather than being discharged, resigned voluntarily. However, defendants do not dispute her contention that her superior, Cordova, demanded her resignation. Such a demand is sufficient to support a claim of retaliatory discharge; a more express statement of dismissal is not required. *Hinthorn v. Roland's of Bloomington, Inc.* (1987), 151 Ill. App. 3d 1006, 1008-09, 503 N.E.2d 1128.

■ The defendants also contend that an unemployment compensation board's determination that plaintiff had been properly terminated for misconduct estops her from relitigating the reasons for her dismissal. They concede, however, that they presented false testimony to that board, indicating that plaintiff had violated a department policy that in fact did not exist, in order to avoid payment of a compensation claim. The doctrine of collateral estoppel will apply only when the party against whom it is asserted had a full and fair opportunity to litigate the issue in a prior proceeding and will not be applied if an injustice results to that party. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) We are convinced that a factual determination obtained by fraud cannot be justly used to estop litigation on that issue in a later proceeding, and do not find the estoppel doctrine to be supportive of the trial court's ruling in this case.

■ Finally, an individual defendant, village safety director James Taylor, claims that summary judgment was proper in his case because

he was not personally involved in plaintiff's dismissal. Though plaintiff concedes that Taylor never spoke to her, she has presented testimony which indicates that he may have ordered her termination. If Taylor directed or consented to plaintiff's dismissal, he is liable if that dismissal is held to be violative of her constitutional rights. (*Perry v. Elrod* (N.D. Ill. 1977), 436 F. Supp. 299, 302.) We believe that the evidence presented by plaintiff was sufficient to create an issue of fact concerning Taylor's consent to her firing.

We conclude that none of the arguments advanced by defendants support the trial court's grant of summary judgment on either aspect of plaintiff's complaint. Accordingly, we reverse the judgment of the circuit court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI and FREEMAN, JJ., concur.